## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,                )
                                          )
        Plaintiff,                )
                                          )
        v.                        )
                                          )
APPROXIMATELY 18 ACRES OF LAND,           )
MORE OR LESS, OF THE JACKSON CERAMIX )
SUPERFUND SITE, ADJOINING: CLEARFIELD )
COUNTY, PENNSYLVANIA PARCEL NOS.          )
A02-34, A02-42, A02-64 AND JEFFERSON      )
COUNTY, PENNSYLVANIA PARCEL               )
NO. 10-001-0301G, *IN REM*,               )
                                          )
                                          )
        Defendant.                )
                                          )

CIVIL ACTION NO. _____

### DECLARATION OF RAYMOND I. WENDEKIER

I, Raymond I. Wendekier, do hereby make the following declarations:

      1.     I am currently employed by M.V.P. Abstracting, Inc., a Pennsylvania-based

company, as an owner/president. I have been employed in my current position since December

1990.

      2.     I was trained by my father, Raymond J. Wendekier, Esquire, and have examined

titles for real estate since December 1990, for many reputable title insurance companies, such as,

First American Title Insurance Company, Old Republic Title Insurance Company, as well as

settlement companies and attorneys in Cambria County and surrounding counties.

      3.     On August 8, 2023, I was tasked by Mr. Cory Stump, General Manager for

Universal Settlement Services of PA, LLC, with examining the records of the Jefferson County,

Pennsylvania, Recorder of Deeds Office with respect to a parcel of land ("Property") that is

1

without a parcel number and is bounded on the West by Jefferson County Tax Map No. 10-001-0301G, partially bounded on the Southeast by Clearfield County Tax Map No. 1280-A02-000-00042, bounded on the East by Clearfield County Tax Map No. 1280A0200000034, and bounded on the North by Clearfield County Tax Map No. 1280A0200000064. A GIS image of the Property that was provided to me is included as Attachment 1.

4.     I believe I have identified the Property depicted in Attachment 1 and its last recorded owner, the Reynoldsville and Falls Creek Railroad Company, who acquired the Property from Maggie M. Whitehill and David S. Whitehill, her husband, by deed dated December 24, 1888, and recorded in Jefferson County Deed Book Volume 55, Page 659 ("Deed").

5.     The Deed describes a parcel situated in Jefferson County said to contain eight (8) acres more or less. My report is attached as Attachment 2.

6.     I have been made aware that Geographic Information Systems (GIS) maps depict the Property as being approximately eighteen (18) acres, larger than eight (8) acres described in the Deed. It does not appear that the parcel identified in the Deed was described with a survey at the time of the Deed's recording in 1888.

7.     It was a common practice in the rural areas of Pennsylvania in the 1800s to use adjoining land owners, witness trees, set stones, creek beds, and other types of permanent monuments to describe the boundaries of properties.

8.     What I have found in my thirty-three (33) years in this profession, is that years later when surveyed, properties like this Property, can turn out to be significantly more or less land than what the grantor thought it contained.

9.     Based on my experience, there are factors to take into consideration for this

happening. One significant factor could be the topography of the land, such as mountains, hills and creek beds, that when surveyed on paper (flat surface) can result in changes when doing an actual field survey.  Another factor to take into consideration is that geographic features, such as banks of the creeks, can change over time because of the flow of water, floods, etc.

      10.     It is reasonable to assume that if a field survey were performed, this Property may be determined to be larger than eight acres or smaller than eight acres.

      11.     Additionally, county tax maps and GIS maps are not actual field surveys and cannot be relied upon for accuracy as to the boundary lines and the quantity of land. A field survey is the most reliable mechanism to identify precise parcel boundaries and measurements.

I declare under penalty of perjury that the foregoing is true and correct.


Raymond I. Wendekier
Owner/President
M.V.P. Abstracting, Inc.


Date: 2/3/2024

3

**Attachment 1**



Cherry Timber Associates Parcel 62B0AD8000862, Jackson Ceramix, Jefferson and Clearfield Counties, PA

**Figure 1**
**Jackson Ceramix OU-2**

**Legend**

— Culvert (dashed where inferred)
— Railroad
— Abandoned Railroad
— OU-1 (West Side of Railroad Track)
— Baseball Field Area
— Former Manufacturing Area
— Northern Drainage Channel/Former Lagoon
— County Line
☐ Parcel Boundary
10-006-0196 Parcel Identification
— Cherry Timber Associates Parcel Boundary
— OU2 (Sandy Lick Creek Floodplain)

**Attachment 2**

**M V P Abstracting, Inc.**
**306 Magee Ave**
**Patton, PA 16668**
**Telephone (814) 880-4387   Email rwendekier@gmail.com**

September 25, 2023

Cory Stump, General Manager
Universal Settlement Services of PA, LLC
1423 N. Atherton Street, Upper Level
State College, PA 16803

RE:  Jefferson County, Pennsylvania – Unknown Parcel

Cory,

I have completed an examination of the records of the Jefferson County, Pennsylvania, Recorder of Deeds Office, with respect to a parcel of land that is unknown.

The subject parcel is bounded on the West by Jefferson County Tax Map No. 10-001-0301G, currently assessed to Alan E. Moore, and described as Tract Number 2 in Jefferson County Record Book Volume 594, Page 384.  The legal description for this parcel references a survey prepared by Lional Alexander, Professional Land Surveyor, of Alexander & Associates Inc., dated September 10, 1996, revised on September 11, 1996.  This survey is recorded in the prior deed in the chain of title for this parcel in Jefferson County Record Book Volume 80, Page 378.  I have included copies of both deeds for your review.

The survey included in Jefferson County Record Book Volume 80, Page 378, shows N/F Alexander Deemer Estate to the East, where the subject Unknown parcel is located on the Jefferson County GIS Map.  After an examination of the records within the Jefferson County, Pennsylvania Recorder of Deeds, I have determined that Alexander Deemer did not own the parcel as shown on the survey, where that subject Unknown parcel is located.

The subject parcel is partially bounded on the Southeast by Clearfield County Tax Map No. 1280-A02-000-00042, currently assessed to Cherry Timber Associates, Inc., and described is described as Parcel No. 20 in Clearfield County Record Book Volume 1260, Page 338.

**Page 2**
**Universal Settlement Services of PA, LLC**
**September 25, 2023**

The description for Parcel No. 20 in Clearfield County Record Book Volume 1260, Page 338, describes a parcel bounded on the North by the Jefferson County Line, bounded on the East by Robertson, bounded on the South by Robertson, and bounded on the West by the Jefferson County.

I have determined that no portion of this property was ever assessed or located in Jefferson County, Pennsylvania.

The subject parcel is partially bounded on the Southeast by Clearfield County Tax Map No. 1280-A02-000-00034, currently assessed to Carolyn C. Robertson, and is combination of the parcels described as Parcel No. 1, Parcel No. 2 and Parcel No. 3 in Clearfield County Instrument #199917497, title to which is vested in Timothy B. Robertson, SR. and Carolyn Robertson, husband and wife.

Parcel No. 3 in Clearfield County Instrument #199917497, describes a parcel bounded on the North by lands now or formerly of Falls Creek Borough and the Baum-Mason Tract, on the East by lands now or formerly constituting Tract 2009, on the South by lands now or formerly of W. A. Bell and the DuBois Land and Improvement Company, and on the West by land now or formerly of the R.F. and C. Railroad Company. Being known as Tract No. 13 in and within Sandy Township.

The subject parcel is bounded on the North by the Pittsburgh and Shawmut Railroad, Inc., described in Jefferson County Record Book Volume 66, Page 556, and designated as Jefferson County - Mountain Laurel Railroad Company on Exhibit A - Page 2 of 8.  This was originally conveyed by Maggie M. Whitehill and David C. Whitehill, her husband, to the Reynoldsville and Falls Creek Railroad Company in Jefferson County Deed Book Volume 58, Page 15.

**Page 3**
**Universal Settlement Services of PA, LLC**
**September 25, 2023**

Maggie M. Whitehill and David S. Whitehill, her husband, parties of the first part, conveyed to The Reynoldsville and Falls Creek Railroad Company, party of the second part, by deed dated, December 24, 1888, and recorded on January 31, 1889 in Jefferson County Deed Book Volume 55, Page 659, parcel situate in the Township of Washington, County of Jefferson and State of Pennsylvania, said to contain eight (8) acres more or less.

It is stated that the property described in Jefferson County Deed Book Volume 55, Page 659 is bounded on the North by the Right of Way of the Reynoldsville and Falls Creek Railroad, on the South and West by Sandy Lick Creek and on the East by Warrant No. 13.

Warrant No. 13 or Tract No. 13 is a portion of the property currently assessed to Carolyn C. Robertson, known as Clearfield County Tax Map No. 1280-A02-000-00034 as referenced above.

I have concluded that the legal description contained in Jefferson County Deed Book Volume 55, Page 659 describes the subject Unknown parcel.

I did not find a deed wherein, The Reynoldsville and Falls Creek Railroad Company, conveyed the subject real estate as described in Jefferson County Deed Book Volume 55, Page 659.

Should you have any questions, please feel free to call.

Cordially,

Raymond I. Wendekier



# Jefferson County, Pennsylvania
## Assessment - Real Estate

© 2018 *INFOCON CORPORATION*, All Rights Reserved

Log Off

9/25/2023 - 4:10 PM

| Functions |
| --- |
| ENTER |
| EXIT |
| TAX HISTORY |
| IMAGES |
| SALES HISTORY |
| BACK |

## Assessment - Real Estate - Inquiry

Control Number: **010    003224**
Map Number: **10-001-0301 G**
Old Reference:

**FALLS CREEK BOROUGH**
**DUBOIS AREA SCHOOL DISTRIC**

| | | |
| --- | --- | --- |
| Grantor: | MOORE ALBERT E & PATRICIA L | Instrument Number:   2011    4546 |
| Grantee 1: | MOORE ALAN E | Land Use Code:      A    0 |
| Grantee 2: | | Consideration: |
| Address: | 1459 TREASURE LAKE | Sale Date:         09/27/2011 |
| | DU BOIS PA 15801 | Deed Book/Page:   0594    0483 |
| | | Taxable/Exempt:      TAXABLE |
| | | Clean&Green? |
| Situs Desc: | | Acreage:             20.700 |
| Property Desc: | | |

| ASSESSMENT | Current | Last Billing |
| --- | --- | --- |
| Preferred Land: | 0 | 0 |
| Land: | 11,870 | 11,870 |
| Improvement: | 0 | 0 |
| Mineral: | 0 | 0 |
| Total: | **11,870** | **11,870** |

**4546**

JEFFERSON COUNTY, PA.
ENTERED OF RECORD
DIANE MAIHLE KIEHL
RECORDER

2011 SEP 27 AM 9: 53

## THIS DEED

made and entered into as of the 19th day of September, in the year two thousand and eleven (2011), by and between **ALBERT E. MOORE and PATRICIA L. MOORE,** his wife, of Washington Township, Jefferson County, Pennsylvania, **GRANTORS,**

A
N
D

**ALAN E. MOORE,** married, of DuBois, Clearfield County, Pennsylvania, **GRANTEE.**

WITNESSETH, that in consideration of the sum of One and 00/100 Dollars ($1.00), in hand paid, the receipt whereof is hereby acknowledged, the said Grantors do hereby grant and convey to the said Grantee, ALL those certain tracts of land situate, lying and being in the Borough of Falls Creek, Jefferson County, Pennsylvania, bounded and described as follows:

TRACT NUMBER 1:

BEGINNING at a point at the Northeast corner of the parcel herein described, said point being at the intersection of the Southwestern boundary line of lands formerly of Frank Simpkins et ux., now Albert E. Moore et ux., the Grantees herein, and the Northwestern right of way of Conrail; thence North 47° 30' West along lands formerly of Frank Simpkins et ux., now Albert Moore et ux., a distance of 195 feet, more or less, to a point on the Southern right of way line of Pennsylvania Traffic Highway Route 950; thence in a Southwesterly direction along the right of way of Pennsylvania Traffic Highway Route 950, a distance of 390 feet, more or less, to a point in line of lands formerly of Cresent Brick Co., now of Jefferson County Development Council; thence South 46° 32' East along lands of Jefferson County Development Council, a distance of 130 feet, more or less, to a point; thence South 51° 29' East again along lands of Jefferson County Development Council, a distance of 150.37 feet to a point on the Northwestern right of way line of Conrail; thence North 42° 30' East along said right of way, a distance of 371.78 feet to a point, the place of beginning; CONTAINING 2 acres, more or less, and being Tract Number 1 as set forth in a plat of survey prepared by Lional Alexander, Professional Land Surveyor, of Alexander & Associates Inc., dated September 10, 1996, revised on September 11, 1996.

Being identified on the Jefferson County Tax Assessment Maps as Parcel Number 10-001-0201.

TRACT NUMBER 2:

BEGINNING at a point at the Southwest corner of the tract of land herein conveyed, said point being on the Eastern right of way line of B & P Railroad; thence North 42° 47' East along said right of way of B & P Railroad, a distance of 1,153.05 feet to a point; thence North 42° 30' East along the same right of way of B & P Railroad, a distance of 1,248.91 feet to an iron pipe, said iron pipe being located at the Northwest corner of the tract of land herein conveyed; thence along lands of Alexander Deemer Estate, South 00° 39' West, a distance of 524.28 feet to an iron pipe; thence South 20° 22' West along said lands of Alexander Deemer Estate, a distance of 371.42 feet to an iron pipe; thence South 35° 52' West along "old" abandoned railroad, a distance of 840.91 feet to an iron pipe located along Sandy Lick Creek; thence along Sandy Lick Creek, the following courses and distances:  North 50° 42' West, a distance of 36.72 feet to a point; North 82° 42' West, a distance of 41.41 feet to a point; South 77° 17' West, a distance of 43.60 feet to a point; South 60° 37' West, a distance of 99.81 feet to a point; South 32° 24' West, a distance of 106.62 feet to a point; South 31° 10' West, a distance of 122.69 feet to a point; South 39° 54' West, a distance of 103.52 feet to a point; South 84° 40' West, a distance of 36.63 feet to a point; North 34° 01' West, a distance of 55.96 feet to a point; North 02° 24' East, a distance of 106.16 feet to a point; North 08° 07' West, a distance of 121.89 feet to a point; North 16° 05' West, a distance of 66.78 feet to a point; North 59° 46' West, a distance of 71.56 feet to a point; South 83° 50' West, a distance of 84.58 feet to a point; South 55° 35' West, a distance of 40.92 feet to a point; South 33° 50' West, a distance of 184.40 feet to a point; South 37° 26' West, a distance of 135.03 feet to a point; South 56° 47' West, a distance of 126.34 feet to a point; South 46° 04' West, a distance of 27.07 feet to a point; thence North 02° 00' West, a distance of 31.49 feet to a point; thence South 52° 30' West, a distance of 30.00 feet to a point; thence North 00° 17' East, a distance of 88.95 feet to a point, the place of beginning; CONTAINING 20.7 acres, and being Tract Number 2 as set forth in a plat of survey prepared by Lional Alexander, Professional Land Surveyor, of Alexander & Associates Inc., dated September 10, 1996, revised on September 11, 1996.,

Being identified on the Jefferson County Tax Assessment Maps as Parcel Number 10-001-0301 G.

BEING the same tracts of land that were granted and conveyed by Marjorie H. Goss, widow, et al., to Albert E. Moore and Patricia L. Moore, his wife, by Deed dated January 14, 1997, and recorded in the Office of the Recorder of Deeds for Jefferson County, Pennsylvania, in Record Book 80, page 378.

2

NOTICE

To comply with the Act of July 17, 1957, P. L. 984 as amended by Act 255 of 1964 (52 P. S. Section 1551 - 1554) notice is hereby given as follows:

THIS DOCUMENT MAY NOT SELL, CONVEY, TRANSFER, INCLUDE OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN, AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL OF SUCH COAL AND, IN THAT CONNECTION, DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT.

GRANTORS HAVE NO ACTUAL KNOWLEDGE OF ANY HAZARDOUS WASTE, DEFINED IN ACT NO. 1980-97 OF THE COMMONWEALTH OF PENNSYLVANIA, HAVING BEEN OR WHICH IS PRESENTLY BEING DISPOSED ON OR ABOUT THE PROPERTY DESCRIBED IN THIS DEED.

To comply with the Pennsylvania Realty Transfer Tax Act, it is hereby certified that the within transaction is between grandparents to grandson and is therefore exempt from tax.

And the said Grantors will Specially Warrant the property hereby conveyed.

IN WITNESS WHEREOF, the said Grantors have hereunto set their hands and seals as of the day and year first above written.

_Albert E. Moore_
Albert E. Moore

_Patricia L. Moore_
Patricia L. Moore

3

BK594PG0485

I hereby certify the precise residence of the within named Grantee to be: 1459 Treasure Lake, DuBois, PA 15801.

Attorneys for Grantee

# NOTICE

In accordance with the provisions of "The Bituminous Mine Subsidence and Land Conservation Act of 1966", I/we, the undersigned grantee/grantees, hereby certify that I/we know and understand that I/we may not be obtaining the right of protection against subsidence resulting from coal mining operations and that the purchased property may be protected from damage due to mine subsidence by a private contract with the owners of the economic interest in the coal. I/we further certify that this certification is in a color contrasting with that in the deed proper and is printed in twelve point type preceded by the word "notice" printed in twenty-four point type.

Witness:

4

BK594PG0486

COMMONWEALTH OF PENNSYLVANIA,

COUNTY OF JEFFERSON,                    ss:

On this, the 2nd day of September, 2011, before me, the undersigned officer, personally appeared Albert E. Moore and Patricia L. Moore, his wife, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument and acknowledged that they executed the same for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

*Sandra L. Reitz*
Notary Public

> COMMONWEALTH OF PENNSYLVANIA
> Notarial Seal
> Sandra L. Reitz, Notary Public
> Brookville Boro, Jefferson County
> My Commission Expires Jan. 30, 2015
> MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Prepared by:

DENNISON, DENNISON
  & HARPER
293 Main Street
Brookville, PA 15825

5

BK594PG0487

**THIS DEED**

made and entered into as of the 14th day of January, in the year nineteen hundred and ninety-seven (1997), by and between MARJORIE H. GOSS, widow, of Sandy Township, Clearfield County, Pennsylvania; and MARJORIE H. GOSS, Administratrix, c.t.a under the Last Will and Testament of WILLIAM T. GOSS, JR., late of the Borough of Falls Creek, Jefferson County, Pennsylvania, GRANTORS,

A
N
D

ALBERT E. MOORE and PATRICIA L. MOORE, husband and wife, of R. D. #1, Reynoldsville, Jefferson County, Pennsylvania, as tenants by the entireties, GRANTEES.

WITNESSETH, that in consideration of the sum of Ten Thousand and 00/100 Dollars ($10,000.00), in hand paid, the receipt whereof is hereby acknowledged, the said Grantors do hereby grant and convey to the said Grantees,

ALL those certain tracts of land situate, lying and being in the Borough of Falls Creek, Jefferson County, Pennsylvania, bounded and described as follows:

TRACT NUMBER 1:

BEGINNING at a point at the Northeast corner of the parcel herein described, said point being at the intersection of the Southwestern boundary line of lands formerly of Frank Simpkins et ux., now Albert E. Moore et ux., the Grantees herein, and the Northwestern right of way of Conrail; thence North 47° 30' West along lands formerly of Frank Simpkins et ux., now Albert Moore et ux., a distance of 195 feet, more or less, to a point on the Southern right of way line of Pennsylvania Traffic Highway Route 950; thence in a Southwesterly direction along the right of way of Pennsylvania Traffic Highway Route 950, a distance of 390 feet, more or less, to a point in line of lands formerly of Cresent Brick Co., now of Jefferson County Development Council; thence South 46° 32' East along lands of Jefferson County Development Council, a distance of 130 feet, more or less, to a point; thence South 51° 29' East again along lands of Jefferson County Development Council, a distance of

1

150.37 feet to a point on the Northwestern right of way line of Conrail; thence North 42° 30′ East along said right of way, a distance of 371.78 feet to a point, the place of beginning; CONTAINING 2 acres, more or less, and being Tract Number 1 as set forth in a plat of survey prepared by Lional Alexander, Professional Land Surveyor, of Alexander & Associates Inc., dated September 10, 1996, Revised on September 11, 1996, which is attached hereto and made part hereof.

TRACT NUMBER 2:

BEGINNING at a point at the Southwest corner of the tract of land herein conveyed, said point being on the Eastern right of way line of B & P Railroad; thence North 42° 47′ East along said right of way of B & P Railroad, a distance of 1,153.05 feet to a point; thence North 42° 30′ East along the same right of way of B & P Railroad, a distance of 1,248.91 feet to an iron pipe, said iron pipe being located at the Northwest corner of the tract of land herein conveyed; thence along lands of Alexander Deemer Estate, South 00° 39′ West, a distance of 524.28 feet to an iron pipe; thence South 20° 22′ West along said lands of Alexander Deemer Estate, a distance of 371.42 feet to an iron pipe; thence South 35° 52′ West along "old" abandoned railroad, a distance of 840.91 feet to an iron pipe located along Sandy Lick Creek; thence along Sandy Lick Creek, the following courses and distances: North 50° 42′ West, a distance of 36.72 feet to a point; North 82° 42′ West, a distance of 41.41 feet to a point; South 77° 17′ West, a distance of 43.60 feet to a point; South 60° 37′ West, a distance of 99.81 feet to a point; South 32° 24′ West, a distance of 106.62 feet to a point; South 31° 10′ West, a distance of 122.69 feet to a point; South 39° 54′ West, a distance of 103.52 feet to a point; South 84° 40′ West, a distance of 36.63 feet to a point; North 34° 01′ West, a distance of 55.96 feet to a point; North 02° 24′ East, a distance of 106.16 feet to a point; North 08° 07′ West, a distance of 121.89 feet to a point; North 16° 05′ West, a distance of 66.78 feet to a point; North 59° 46′ West, a distance of 71.56 feet to a point; South 83° 50′ West, a distance of 84.58 feet to a point; South 55° 35′ West, a distance of 40.92 feet to a point; South 33° 50′ West, a distance of 184.40 feet to a point; South 37° 26′ West, a distance of 135.03 feet to a point; South 56° 47′ West, a distance of 126.34 feet to

2

a point; South 46° 04' West, a distance of 27.07 feet to a point; thence North 02° 00' West, a distance of 31.49 feet to a point; thence South 52° 30' West, a distance of 30.00 feet to a point; thence North 00° 17' East, a distance of 88.95 feet to a point, the place of beginning; CONTAINING 20.7 acres, and being Tract Number 2 as set forth in a plat of survey prepared by Lional Alexander, Professional Land Surveyor, of Alexander & Associates Inc., dated September 10, 1996, Revised on September 11, 1996, which is attached hereto and made part hereof.

The above two described tracts of land are parts of a larger tract of land in which title vested in Marjorie H. Goss as follows:

(a) Deed of A. H. Reitz, widow, to William T. Goss, Jr., dated December 13, 1956, and recorded in the Office of the Recorder of Deeds for Jefferson County, Pennsylvania, in Deed Book 323, page 376;

(b) Quitclaim Deed from Thomas E. H. Reitz, sole surviving heir of J. S. Reitz and A. H. Reitz, to Marjorie H. Goss, dated March 23, 1982, and recorded as aforesaid in Deed Book 478, page 1126;

(c) Order of the Court of Common Pleas of Jefferson County, Pennsylvania, at Number 188 of 1982 in a Quiet Title Action by Marjorie H. Goss, as Plaintiff vs. David Whitehill et al., as Defendants, a copy of which is recorded as aforesaid in Deed Book 478, page 1129.

The said William T. Goss died testate on January 3, 1962, and by his Last Will and Testament which was duly probated and filed in the Office of the Register of Wills for Jefferson County, Pennsylvania, in Will Book 16, page 363, he devised his residuary estate, of which the above was a part, to Marjorie H. Goss, his wife. Letters of Administration, c.t.a., were granted to Marjorie H. Goss, one of the Grantors herein, by the Register of Wills of Jefferson County, Pennsylvania, on January 12, 1962.

NOTICE

To comply with the Act of July 17, 1957, P. L. 984 as amended by Act 255 of 1964 (52 P. S. Section 1551 - 1554) notice is hereby given as follows:

3

THIS DOCUMENT MAY NOT SELL, CONVEY, TRANSFER, INCLUDE OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN, AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL OF SUCH COAL AND, IN THAT CONNECTION, DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING OR OTHER STRUCTURE ON OK IN SUCH LAND.   THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT.

GRANTORS HAVE NO ACTUAL KNOWLEDGE OF ANY HAZARDOUS WASTE, DEFINED IN ACT NO. 1980-97 OF THE COMMONWEALTH OF PENNSYLVANIA, HAVING BEEN OR WHICH IS PRESENTLY BEING DISPOSED ON OR ABOUT THE PROPERTY DESCRIBED IN THIS DEED.

To comply with the Pennsylvania Realty Transfer Tax Act, it is hereby certified that the full, true and complete value of the above described premises is $10,000.00.

AND, Marjorie H. Goss, Administratrix, c.t.a under the Last Will and Testament of William T. Goss, deceased, one of the Grantors aforesaid, for herself, her respective heirs and assigns, does covenant, promise and agree to and with the said Albert E. Moore and Patricia L. Moore, their heirs and assigns, by these presents, that she, Marjorie H. Goss, Administratrix as aforesaid, has not heretofore done or committed any act, matter or thing whatsoever whereby the premises hereby granted, or any part hereof, is, are, or shall or may be impeached, charged, or encumbered in title, charge, estate or otherwise howsoever.

And the said Marjorie H. Goss will Generally Warrant the property hereby conveyed.

IN WITNESS WHEREOF, the said Grantors have hereunto set their hands and seals as of the day and year first above written.

_Marjorie H. Goss_ _____ (SEAL)
Marjorie H. Goss

_Marjorie H. Goss (Administratrix)_ (SEAL)
Marjorie H. Goss, Administratrix,
c.t.a. under the Last Will and
Testament of William T. Goss

4

BOOK 030

PAGE 0381

I hereby certify the precise residence of the within
named Grantees to be:  R. D. #1, Reynoldsville, PA 15851.

_____
Attorney for Grantees

662 B

# NOTICE

In accordance with the provisions of "The Bituminous Mine Subsidence and Land Conser-
vation Act of 1966", I/we, the undersigned grantee/grantees, hereby certify that I/we know and
understand that I/we may not be obtaining the right of protection against subsidence resulting
from coal mining operations and that the purchased property may be protected from damage
due to mine subsidence by a private contract with the owners of the economic interest in the
coal. I/we further certify that this certification is in a color contrasting with that in the deed
proper and is printed in twelve point type preceded by the word "notice" printed in twenty-four
point type.

Witness:

.................................................   .................................................

.................................................   .................................................

.................................

This ................ day of ...........................

BOOK ~~380~~
PAGE 0382

Jefferson County Recorder of Deeds
Instrument Filing

Instr# 1997-000206   1/16/1997  12:04:46
Book# 80   Page# 372
Recorder: DESANTSON & DESANTSON ATTORNEYS
RECEIPT 975778

Receipt# 5
2206

DEED                               19.50
DEED - WRIT                          .50
DEED - RTT STATE                  100.00
JUDGITS AREA SD                    50.00
FALLS CREEK BORO                   50.00
Check# 1054A                      420.00
Total Received.......             420.00



NOT TO SCALE

01/09/97  08:51    TX/RX NO.1245    P.002

COMMONWEALTH OF PENNSYLVANIA,

COUNTY OF Jefferson        ss:

On this, the 15th day of January, 1997, before me, the
undersigned officer, personally appeared Marjorie H. Goss, known to
me (or satisfactorily proven) to be the person whose name is sub-
scribed to the within instrument and acknowledged that she executed
the same for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official
seal.

_____
Notary Public

NOTARIAL SEAL
JAMES G. COWAN, Notary Public
Reynoldsville, Jefferson Co., PA
My Commission Expires April 12, 1997

COMMONWEALTH OF PENNSYLVANIA,

COUNTY OF Jefferson        ss:

On this, the 15th day of January, 1997, before me, the
undersigned officer, personally appeared Marjorie H. Goss, Adminis-
tratrix, c.t.a. under the Last Will and Testament of William T.
Goss, deceased, known to me (or satisfactorily proven) to be the
person described in the foregoing instrument and acknowledged that
she executed the same in the capacity therein stated and for the
purposes therein contained.

In Witness Whereof, I hereunto set my hand and official
seal.

Instrument No. 206
Recorded Jan 16, 1997
Time 9:27 P.M.
_____
RECORDER OF DEEDS

_____
Notary Public

NOTARIAL SEAL
JAMES G. COWAN, Notary Public
Reynoldsville, Jefferson Co., PA
My Commission Expires April 12, 1997

6

Clearfield County Property Tax Inquiry

## ⊖ Property Information

| | | |
|---|---|---|
| **Control Number**<br>128048716 | **Site Address**<br>SLAB RUN RD<br>DU BOIS, PA 15801 | **Owner Name & Address**<br>CHERRY TIMBER ASSOCIATES, INC<br>C/O CHAGRIN LAND LIMITED PARTNERSHIP<br>30799 PINETREE RD #434<br>PEPPER PIKE, OH, 44124 |
| **Alternate Map Number**<br>1280A0200000042 | | |
| **Tax Year**<br>2023 (Payable 2024) ⏷ | | |
| **Property Class**<br>09 - Clean and Green | **Tax Code**<br>1280 | **Tax Status**<br>Taxable |
| **Map Number**<br>A02-000-00042 | **Legal Description**<br>26.42 A | |

## Disclaimer

The Clearfield County Assessment Office presents the information on this web site as a service to the public. While every effort has been made to ensure the accuracy of this information, no person or entity, including Clearfield County, the Assessment Office, the Tax Collections Office, or staff, shall have any responsibility for any inaccuracies or omissions in the data at this site or other sites to which we link.

Use of this site is an acknowledgement of this disclaimer.

VOL 1260 PAGE 338

Penna. Quit-Claim Deed

# THIS INDENTURE

MADE the 21st day of December in the year nineteen hundred and eighty-eight (1988)

BETWEEN GREEN GLEN CORPORATION, a Pennsylvania business corporation of Sandy Township, DuBois, Clearfield County, Pennsylvania, Party of the First Part,

and

CHERRY TIMBER ASSOCIATES, INC., a business corporation with a mailing address at Russel Street, Endeavor, Pennsylvania 16322, Party of the Second Part,

WITNESSETH, That the said first party, for and in consideration of the sum of One------------------------------------($1.00)------------------------------Dollar lawful money of the United States of America to it well and truly paid by the said party of the second part, at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has remised, released and quit-claimed, and by these presents does remise, release and forever quit-claim, unto the said party of the second part, its successors and assigns,

ALL those certain parcels of real estate located in Clearfield County, Pennsylvania as follows:

PARCEL NO. 1:  All that certain parcel of real estate located in Pike Township, Clearfield County, Pennsylvania,

    BOUNDED on the North by lands of Anderson and Hartshorn Run;
    BOUNDED on the East by lands of Buskey & Mainey;
    BOUNDED on the South by lands of McBride, Bailey, Bailor, and
    Baughman, and
    BOUNDED on the East by other lands of the Grantor and being
    Identified as Clearfield County Map Parcel No. 126-H8-15;

PARCEL NO. 2:  All that certain parcel of real estate located in Union Township, Clearfield County, Pennsylvania,

    BOUNDED on the North by Township Road T360;
    BOUNDED on the East by lands of Robinson;
    BOUNDED on the South by B&O Railroad;

*See Affidavit of Value Filed*
*with deed Recorded in Deed & Records Book 1260, page 280*

VOL 1260 PAGE 339

BOUNDED on the West by lands of Shubert;
Further described as Clearfield County Tax Map Parcel No. 129-E7-41;

PARCEL NO. 3:  All that certain parcel of real estate located in Bloom Township, Clearfield County, Pennsylvania,

BOUNDED on the North and East by the Baltimore & Ohio Railroad;
BOUNDED on the South by lands of James M. Edwards Estate;
BOUNDED on the East by lands of Walker and the Haupt heirs;
Being identified as Clearfield County Tax Map Parcel No. 104-F8-11.

PARCEL NO. 4:  All that certain parcel of real estate located in Union Township,

BOUNDED on the North by lands of Pentz, et al;
BOUNDED on the East by lands of Miller and Haupt;
BOUNDED on the South by lands of Thomas;
BOUNDED on the West by lands of Thomas;
Being identified as Clearfield County Tax Map Parcel No. 129-E7-42.

PARCEL NO. 5:  All that certain piece or parcel of real estate located in Union Township, Clearfield County, Pennsylvania,

BOUNDED on the North by State Game Lands No. 93;
BOUNDED on the East by lands of the City of DuBois;
BOUNDED on the South by lands of the City of DuBois;
BOUNDED on the West by State Game Lands No. 93;
Being further identified as Clearfield County Tax Map Parcel No. 129-F5-18.

PARCEL NO. 6:  All that certain parcel of real estate located in Huston Township, Clearfield County, Pennsylvania,

BOUNDED on the North by lands of McClintick;
BOUNDED on the East by Under Hill Mining Company and the Commonwealth of Pennsylvania;
BOUNDED on the South by lands of the Commonwealth of Pennsylvania and Green Glen Corporation;
Being identified as Clearfield County Tax Map Parcel No. 119-H1-51.

PARCEL NO. 7:  All that certain parcel of real estate located in Huston Township, Clearfield County, Pennsylvania,

BOUNDED on the North by lands of the New Shawmut Mining

AFFIDAVIT NO. 16453

VOL 1260 PAGE 340

Company, the Commonwealth of Pennsylvania and lands of
Scott;
BOUNDED on the East by small parcels, and the Village of Tyler;
BOUNDED on the South by lands of the Under Hill Coal
Mining Company;
BOUNDED on the West by lands of Luchuck;
Being identified as Clearfield County Tax Map Parcel Nos. 119-H1-51,
119-H1-50 and 119-H1-49.

PARCEL NO. 8:  All that certain parcel of real estate located in Huston
Township, Clearfield County, Pennsylvania,

BOUNDED on the North by Mason;
BOUNDED on the East by lands of Wayne Cherry;
BOUNDED on the South by lands of Under Hill Coal
Mining Company;
BOUNDED on the West by the Village of Tyler-
small tracts;
Being identified as Clearfield County Tax Map Parcel
No. 119-I-1-9.

PARCEL NO. 9:  All that certain parcel of real estate located in Huston
Township, Clearfield County, Pennsylvania,

BOUNDED on the North by the Elk County border;
BOUNDED on the East by small tracts, Township Road 410 and
lands of Donahue;
BOUNDED on the South by Township Road 410 and PA Route
153;
BOUNDED on the West by lands of Hutchison;
Being identified as Clearfield County Tax Map Parcel No. 119-F1-2.

PARCEL NO. 10:  All that certain parcel of real estate located in Huston
Township, Clearfield County, Pennsylvania,

BOUNDED on the North by the Elk County borderline;
BOUNDED on the East by Commonwealth of Pennsylvania,
Department of Forest & Waters;
BOUNDED on the South by lands of Bennett and PA Route
153;
BOUNDED on the West by lands of Donahue and Bodner;
Being identified as Clearfield County Tax Map Parcel No. 119-F1-5.

PARCEL NO. 11:  All that certain parcel of real estate located in Huston
Township, Clearfield County, Pennsylvania,

VOL 1260 PAGE 341

BOUNDED on the North by lands of Milligan;
BOUNDED on the East by lands of Wilson and Department
of Forest & Waters;
BOUNDED on the South by lands of Spicher;
BOUNDED on the West by lands of Lewis & Milligan;
Being located on Clearfield County Tax Map Parcel No. 119-E2
as a four (4) acre tract.

PARCEL NO. 12:  All that certain parcel of real estate located in Sandy
Township, Clearfield County, Pennsylvania,

BOUNDED on the North by Township Road 408;
BOUNDED on the East by the Huston Township border;
BOUNDED on the South by lands of Maloney;
BOUNDED on the West by lands of Maloney;
Identified per Clearfield County Tax Map Parcel No. 128-E3.

PARCEL NO. 13:  All that certain parcel of real estate located in Huston
Township, Clearfield County, Pennsylvania,

BOUNDED on the North by lands of Tinker & Hoyt;
BOUNDED on the Southeast by Bennetts Branch Run;
BOUNDED on the Southwest by lands of Harold Duttry;
BOUNDED on the West by lands of Sadie Beer;
Being identified as Clearfield County Tax Map Parcel
No. 119-E3-33.

PARCEL NO. 14:  All that certain piece or parcel of real estate located in
Huston Township, Clearfield County, Pennsylvania,

BOUNDED on the Northwest by land of W. Dixon et al. and
Harold Duttry;
BOUNDED on the East by other lands of the Green Glen
Corporation;
BOUNDED on the South by the Huston Township boundary
line and the Commonwealth of Pennsylvania Gamelands and
being identified as Clearfield County Tax Map Parcel No. 119-E4-13.

PARCEL NO. 15:  All that certain piece or parcel of real estate located in
Huston Township, Clearfield County, Pennsylvania,

BOUNDED on the West by the Consolidated Rail Corporation;
BOUNDED on the East by lands of Hopton;
BOUNDED on the South by other lands of the Grantor;
Being identified as Clearfield County Tax Map Parcel No. 119-G3-17.

VOL. 1260 PAGE 342

PARECEL NO. 16:  All that certain piece or parcel of real estate located in Huston Township, Clearfield County, Pennsylvania,

BOUNDED on the North by lands of Bundy and Glen Irvan Corporation;
BOUNDED on the East by lands of Munn;
BOUNDED on the South by other lands of the Grantor;
BOUNDED on the West by lands of the Glen Irvan Corporation;
Being identified as Clearfield County Tax Map Parcel No. 119-G3-13.

PARCEL NO. 17:  All that certain parcel of real estate located in Huston Township, Clearfield County, Pennsylvania,

BOUNDED on the North by the ConsolidatedRail Corporation;
BOUNDED on the East by lands of Riccadona;
BOUNDED on the South by Osceola Fire Brick Company and other lands of the Grantor;
Being identified per Clearfield County Tax Map Parcel No. 119-G2.

PARCEL NO. 18:  Any and all coal and other minerals, oil and gas together with ancillary and incidental rights possessed by Grantor in and to that certain parcel of real estate;

BOUNDED on the North by State Game lands No. 93;
BOUNDED on the East by State Game lands No. 93;
BOUNDED on the South by lands if McClinton and others;
BOUNDED on the West by other lands of the Grantor which parcel is currently assessed to Haddie F. Westphal and being identified as Clearfield County Tax Map Parcel No. 119-E4-17.

PARCEL NO. 19:  All rights to coal and other minerals, gas and oil and other hydrocarbons, and generally all subterranean mineral rights which may underlie any property situate in Clearfield County, Pennsylvania.  It is the intention to convey to Grantee all of Grantor's rights unless specifically listed in Exceptions 1 through 8 set forth hereinafter.

PARCEL NO. 20:  All that certain parcel of real estate located in Sandy Township, Clearfield County, Pennsylvania, bounded on the North by the Jefferson County line; bounded on the East by Robertson; bounded on the South by Robertson; bounded on the West by the Jefferson County line. Being identified per Clearfield County Tax Map Parcel No. 128-A-2-42.

PARCEL NO. 21:  All right, title and interest to the Grantor in and to all real property owned by the Grantor in Clearfield County, Pennsylvania, including all rents, profits, issues, remainders and reverters.

VOL 1260 PAGE 345

EXCEPTING AND RESERVING unto the Green Glen Corporation, its successors or assigns, the following:

Exception No. 1.    Any and all properties owned by the Grantor in the City of DuBois;

Exception No. 2.    All property in Sandy Township which lies South of the Interstate 80 Right-of-Way, West of the interchange of Route 255 and Interstate 80, North of Route 255 , and East of the DuBois City line, the DuBois Country Club, and Township Road 399 i.e., the Clear Run Road, specifically identified as Clearfield County Tax Map Parcel No. 128 C3-7, 128 C3-9, 128 C3-10, 128 C3-11, 128 C3-29, and 128 C3-30. This is shown on the attached map as map parcels No. 20VL63, 16VL59, 17VL60, 18VL61, 19VL62 and 15VL59. There is excluded from this description a certain 32.9 acre tract which is described as follows:

BEGINNING at a point, said point being the northeast corner of this parcel in common with the corner of the Ramada Inn property on the southern right-of-way line of U. S. Interstate Route 80; thence along the property of Ramada Inn and United Electric Cooperative, Inc. South 15° 45' 44" West 381.38 feet to a point; thence South 26° 19' 10" East 637.07 feet along the United Electric Cooperative, Inc. property to a point; thence South 65° 42' 56" West 705.22 feet to a point; thence North 75° 14' 16" West 635.04 feet to a point; thence North 00° 43' 01" East 1,457.93 feet to a point on the Southern right-of way of U. S. Interstate Route 80; thence along said right-of-way line South 69° 41' 38" East a distance of 1,123.18 feet to the place of beginning.

Exception No. 3.    That land area and real estate located in Sandy Township lying between the Route 255 on the North and the Baltimore & Ohio Right-of-Way on the South, the Interstate 80 Right-of-Way on the West and the lands of Ringold Corporation, Christian, and other ownerships which lie to the East. This reserved parcel comprises a part of Clearfield County Tax Map Parcel No. 128-D4-84. This is shown on the attached map as map parcel 20TL27.

Exception No. 4.    That tract of land in Sandy Township which is described as follows:

BEGINNING at the intersection of the Interstate 80 Right-of-Way and the Intersection of PA Route 255;

VOL. 1260 PAGE 344

THENCE along the Southerly line of the Interstate 80 Right-of-Way in an Easterly direction to a point at the Interstate 80 intersection with the B&O Railroad;

THENCE in a Southwesterly direction along the B&O Railroad, crossing Township Road 372 to a point at lands of Owens;

THENCE in a Southwesterly direction along lands of Owens and Gerald Tapper to the Southerly property line now or formerly of Tapper;

THENCE in a Southeasterly direction along the Tapper's Southerly property line to a point at land now or formerly of Tail Twisters, Inc.;

THENCE in a Southwesterly direction along lands now or formerly of Tail Twisters, Inc., Price and other properties, and continuing along the borderline of Green Glen Corporation and other properties to a point at its intersection with Legislative Route 17030;

THENCE in a Westerly direction along Legislative Route 17030 to a point at lands of Heller;

THENCE along lands of Heller and Beers in a Northerly direction to a point;

THENCE continuing along the Northerly boundary line of Beers in a Westerly direction to a point at or near lands now or formerly of Smolukas;

THENCE in a northerly direction along lands of Smolukas to a point at the intersection of the B&O Railroad Right-of-Way;

THENCE in a Westerly direction along the Railroad Right-of-Way to a point at Shaffer Road;

THENCE in a Northerly direction along Shaffer Road to the land of the DuBois Mall;

THENCE along lands of the DuBois Mall and other tracts in an Easterly direction to a point;

THENCE in a Northeasterly direction along the Western border of Green Glen lands to a point at the right-of-way of PA Route 255;

THENCE in an Easterly direction along Route 255 to a point at its intersection of Interstate 80, being the place of beginning. Said tract comprises 490 acres more or less and is defined as Clearfield County Tax Map Parcel 128-C3-15, 16, 23, and also Clearfield County Tax Map Parcel No. 128-C4-72. This tract also includes that irregular shaped parcel of land which lies South of Township Road 372, and North of lands now or formerly of Tapper and East of other lands excepted herein. Being part of Clearfield County Tax Map Parcel No. 128-C3-31.

This is shown on the attached map as Parcels 13VL56, NN-M, 12VL55, 11VL54, 14VL57 and 8VL51. This Exception No. 4 is not intended to include a certain 4.3 acre tract more particularly described as follows:

BEGINNING at a point at the intersection of the southern right-of-way line of Chessie System and the western right of way line of Plat Road, Sandy Township Route 372; thence by the western right-of-way line of Sandy Township Route 372 and at all times 16.5 feet from the centerline of said road 75.0 feet, more or less, to a point on the right-of-way line of other lands of the Green Glen Corporation; thence by a line that right angles to the right-of-way line of the Chessie System and along the eastern line of this parcel in a southeasterly direction 175.5 feet, more or less, to a point at the southeast corner of this parcel; thence by a line parallel and approximately 235.5 feet from the southern right-of-way line of the Chessie System right-of-way and along other land of the Green Glen Corporation, 840 feet, more or less, to a point at the southwest corner of this parcel; thence still by lands of the Green Glen Corporation by a line that right angles to the last described line in a northwesterly direction 235.5 feet, more or less, to a point on the southern right-of-way line of the Chessie System; thence by the southern right-of-way line of the Chessie System in a northeasterly direction 800 feet more or less to a point at the intersection of the southern right-of-way line of the Chessie System and the western right-of-way line of Plat Road, Sandy Township Route 372, and the place of beginning.

Exception No. 5.   Clearfield County Tax Map Parcel No. 128-B3-30, being a 16 Acre parcel more or less presently used by the DuBois Riding Stable.  This is shown on the attached map as 10VL53.

Exception No. 6.   All that certain tract of land situate in Sandy Township, Clearfield County, Pennsylvania, bounded on the North by Penn Gas & Water Co.; on the East by Recreation Land Corp. and Treasure Lake; on the South by Bolam, Moorehouse, Shaffer and others; on the West by State Game Lands 77, Hetrick, McAninch and others. Containing 250 acres, more or less and identified as Clearfield County Tax Map Parcel Nos. 128-B2-16, 128-B2-9 and 128-B3-16. This is shown on the attached map as 18TL25, 33TL40, 19T.26 and 3R6.

Exception No. 7.   All rights to coal and other minerals, gas and oil and

VOL 1260 PAGE 346

other hydrocarbons, and generally all subterranean
mineral rights which may underlie any of the properties
specifically excluded per this Quit-Claim Deed,
and furthermore all of such rights to coal and other hard
minerals, gas and oil and other hydrocarbons, and
generally all subterranean mineral rights which underlie
the Treasure Lake Sub-Division as now in existence which
were conveyed to the developers of Treasure Lake by
virtue of deeds from the Green Glen Corporation and
John DuBois et ux, Specifically:

(1)  Green Glen Corporation Deed dated
February 7, 1968, recorded in Clearfield County Deed
Book 535, page 387 describing 7,027.77 acres;

(2)  A deed from John DuBois, Jr. et ux dated
February 7, 1968, recorded in Clearfield County
Deed Book 535, page 394 and describing 759
acres more or less.

Exception No. 8.   A 4.26 Acre tract located in Huston Township which is
being deeded to the Sabula Fire Company by simultaneous
deed herewith, which deed is not yet recorded.

TO HAVE AND TO HOLD the said premises, with all and singular the
appurtenances, unto the said party of the second part, its successors heirs and
assigns, to and for the only proper use and behoof of the said party of the
second part, its successors and assigns forever.

IN WITNESS WHEREOF, the said party of the first part has hereunto set its hands and and seals the day and year first above wirtten.

GREEN GLEN CORPORATION

_Daniel C. DuBois_ (SEAL)
President

Attest:

_Kathy Bradley_
Secretary

Commonwealth of Pennsylvania

SS:

County of Jefferson

On this 21st day of December, 1988 before me a Notary Public came the above named President of the Green Glen Corporation and acknowledged the foregoing Indenture to be the act and deed, and desired the same to be recorded as such.

Witness my hand and official seal, the day and year aforesaid,

_Eleanor Imhof_

My Commission Expires

Notarial Seal
Eleanor Imhof, Notary Public
Reynoldsville Boro, Jefferson County
My Commission Expires March 21, 1992
Member, Pennsylvania Association of Notaries

CLEARFIELD COUNTY
ENTERED OF RECORD

STATE OF PENNSYLVANIA:
COUNTY OF CLEARFIELD: SS
RECORDED in the Recorders Office in and for said County in Deeds and Records Book No. 0 240
Page 538    etc.
WITNESS my hand and seal of office the
21 day of ____ A.D. 19 8
_Michael R. Tyler_    Recorder

My Commission Expires
First Monday in January, 1992



Clearfield County Property Tax Inquiry

**⊖  Property Information**

| | | |
|---|---|---|
| **Control Number**<br>128074641 | **Site Address**<br>Clearfield County | **Owner Name & Address**<br>ROBERTSON, CAROLYN C<br>4822 WAYNE RD<br>DU BOIS, PA, 15801 |
| **Alternate Map Number**<br>1280A0200000034 | | |
| **Tax Year**<br>2023 (Payable 2024) ▾ | | |
| **Property Class**<br>05 - Agricultural Bldg 10+ acr | **Tax Code**<br>1280 | **Tax Status**<br>Taxable |
| **Map Number**<br>A02-000-00034 | **Legal Description**<br>197.6 A IN FEE | |

**Disclaimer**

The Clearfield County Assessment Office presents the information on this web site as a service to the public. While every effort has been made to ensure the accuracy of this information, no person or entity, including Clearfield County, the Assessment Office, the Tax Collections Office, or staff, shall have any responsibility for any inaccuracies or omissions in the data at this site or at other sites to which we link.

Use of this site is an acknowledgement of this disclaimer.

County Parcel No._____

KAREN L. STARCK
REGISTER AND RECORDER
CLEARFIELD COUNTY
Pennsylvania

INSTRUMENT NUMBER
199917497
RECORDED ON
Oct 21, 1999
11:33:43 AM

RECORDING FEES - $21.00
COUNTY IMPROVEMENT FUND    $1.00
RECORDER IMPROVEMENT FUND    $1.00
STATE WRIT TAX    $531.22
STATE REAL TRANSFER TAX    $0.50
SANDY TOWNSHIP    $265.61
DUBOIS AREA SCHOOLS    $265.61
TOTAL    $1,085.94

# THIS DEED,   AFFIDAVIT No: 3/191

MADE the *14th* day of September, in the year nineteen hundred and ninety-nine (1999)

BETWEEN   OLIVE L. ROBERTSON, Single, by her attorney in fact, ROBERTA G. ROBERTSON under Power of Attorney dated January 16, 1998, and ROBERTA G. ROBERTSON, Single, whose address is RD #1, DuBois, Clearfield County,  hereinafter referred to as Grantor;

A
N
D

TIMOTHY B. ROBERTSON, SR., and CAROLYN C. ROBERTSON, husband and wife, of RD #1, Box 531, DuBois, Pennsylvania,  as tenants by the entireties, hereinafter referred to as Grantee;

The words "Grantor" and "Grantee" shall mean all Grantors and Grantees listed above.

WITNESSETH, That in consideration of ONE DOLLAR ($1.00), in hand paid, the receipt whereof is hereby acknowledged, the said Grantor does hereby grant  and convey to the said Grantees.

ALL that certain piece or parcel of land situated in the Township of Sandy, County of Clearfield and State of Pennsylvania and bounded and described as follows, to wit:

PARCEL NO. 1

Beginning at a point in the north line of the estate of Thomas Wayne and at the southeast corner of E. Dixon's land, and running thence North 6 degrees East along said Dixon's east line fifteen hundred and fifty-two (1552) feet to a post corner;
Thence along same land North 85 degrees 15 minutes West thirteen hundred and fifty-six (1356) feet to a post corner in the Jefferson and Clearfield County line;
Thence by said County line north 4 degrees 30 minutes East nine hundred and two (902) feet to a post;
Thence north 87 degrees East along lands of the Falls Creek Mining Company sixteen hundred and fifty (1650) feet to a post corner;

Thence by the same land and land of A. C. Hopkins North 5 degrees East twenty-nine hundred (2900) feet to a post at corner of land conveyed by A. Bell to J. E. Long;

Thence by said land South 39 degrees East, twenty-three hundred and twenty (2320) feet to a post corner;

Thence by same land South 51 degrees West, one hundred and ninety-eight (198) feet to a post corner;

Thence by same land South 39 degrees East eighteen hundred and sixty (1860) feet to a post corner in the North line of J. Reisinger's 50 acre tract;

Thence along said tract North 86 degrees 30 minutes west four hundred and thirty (430) feet to a post corner of said J. Reisinger's tract;

Thence by said tract South 33 degrees West twenty seven hundred and eighty (2780) feet to a post in the North line of land of the estate of Thomas Wayne;

Thence along said Wayne land North 85 degrees 30 minutes West thirteen hundred and twenty (1320) feet to the place of beginning. Containing two hundred thirty-nine acres, be the same more or less.

Being a part of Warrant No. 5891 surveyed November 30, 1805.

The above premises are conveyed subject to a right of way granted by Alfred George Lewis, to H. W. Reay on June 13, 1934, over property known as the "Patch" over the Old Road to the Rochester Mine.

BEING the same premises conveyed to Harry E. Robertson by deed of Agnes B. Lewis and Alfred G. Lewis, Jr. and W. Horace Rogers dated June 21, 1946 and recorded in the Clearfield County Deed Book 376 Page 311. The said Harry E. Robertson having died on April 18, 1976. An estate was opened in Clearfield County in #76-169 and through his last will and testament he devised his interest to Roberta G. Robertson and Olive L. Robertson, as joint tenants with right of survivorship. A death certificate evidencing the death of Harry E. Robertson is being recorded contemporaneously with this deed.

PARCEL NO. 2

Beginning at a hemlock, an original corner, and being the Northeast corner of the land hereby conveyed;

Thence South 1 degree East 104.5 perches to a pine;

Thence South 83 degrees West 110 perches to a post on the line dividing the Counties of Clearfield and Jefferson;

Thence by said County line North 1 degree 8 minutes East 108.7 perches to an ash corner;

Thence North 85 degrees East 105.6 perches to the place of beginning;

Containing 71.4 acres, be the same more or less.

EXCEPTING AND RESERVING nevertheless out of the boundaries of the land hereinbefore described, the following lot or piece of land, same being bounded and described as follows:

Beginning at an ash corner on the Northwest corner of the land herein described and on the line dividing the counties of Clearfield and Jefferson;

Thence by the northern line of the said land herein conveyed North 85 degrees East 720 feet to a point, the said point being the Northwest corner of the lot hereby reserved;

Thence from said point North 85 degrees East 200 feet to a point;

Thence South 5 degrees East 150 feet to a point;

Thence South 85 degrees West 200 feet to a point;

Thence North 5 degrees West 150 feet to the place of beginning.

Containing 30,000 square feet, more or less.

ALSO EXCEPTING AND RESERVING unto The Bell Telephone Company a right of way or easement upon, across, over and/or under the land to construct, reconstruct, operate and maintain lines of telephone and telegraph, consisting of such poles, wires, and other fixtures and appurtenances as may be required; together with the right of ingress, egress and regress at all times and such other rights as were granted unto The Bell Telephone Company by agreement of Frederick C. Harriman and wife dated March 7, 1939, and recorded in Miscellaneous Book 52 page 392.

BEING the same premises conveyed to Harry E. Robertson and Tom A. Robertson by deed of Frederick C. Harriman, widower, dated April 2, 1947 and recorded in the Clearfield County Deed Book 382, Page 539. The said Tom A. Robertson having died on November 4, 1968, his one-half interest became vested in Harry E. Robertson. The said Harry E. Robertson having died on April 18, 1976. An estate was opened in Clearfield County in #76-169 and through his last will and testament he devised his interest to Roberta G. Robertson and Olive L. Robertson, as joint tenants with right of survivorship. A death certificate evidencing the death of Harry E. Robertson is being recorded contemporaneously with this deed.

## PARCEL NO. 3

Bounded on the North by lands now or formerly of Falls Creek Borough and the Baum-Mason Tract; on the East by lands now or formerly constituting Tract 2009; on the South by lands now or formerly of W. A. Bell and the DuBois Land and Improvement Company; and on the West by lands now or formerly of the R. F. and C. Railroad Company. Being known as Tract No. 13 in and within Sandy Township.

EXCEPTING AND RESERVING therefrom, nevertheless, all of those certain pieces or parcels of land heretofore conveyed by the said former Grantors out of or from said above described parcel of land, and also,

EXCEPTING AND RESERVING therefrom, nevertheless, unto the said former Grantors, their heirs and assigns, all of the gas, oil, coal and other mineral and/or mining rights, in, under or upon said described piece or parcel of land as may have been reserved unto the said former Grantors in deed of conveyance prior to the Clearfield County Treasurer's tax sale to said former

Grantee on November 2nd, 1949.

ALSO EXCEPTING AND RESERVING unto The Bell Telephone Company a right of way or easement upon, across, over and/or under the land to construct, reconstruct, operate and maintain lines of telephone and telegraph, consisting of such poles, wires, and other fixtures and appurtenances as may be required; together with the right of ingress, egress and regress at all times and such other rights as were granted unto The Bell Telephone Company by agreement recorded in Book 461 page 26.

BEING the same premises conveyed to Harry E. Robertson by deed of Donald S. Hopkins and Margaretta B. Hopkins, his wife, and Florence B. Hopkins, Trustee of the Estate of William P. Hopkins, deceased, and the Fidelity Trust Company, Trustee of the Estate of Clara A. McKee, deceased, dated December 20, 1956 and recorded in the Clearfield County Deed Book 461 Page 26. The said Harry E. Robertson died on April 18, 1976. An estate was opened in Clearfield County in #76-169 and through his last will and testament he devised his interest to Roberta G. Robertson and Olive L. Robertson, as joint tenants with right of survivorship. A death certificate evidencing the death of Harry E. Robertson is being recorded contemporaneously with this deed.

SUBJECT TO all exceptions, reservations, conditions, restrictions, easements and rights-of-way as fully as the same are contained in all prior deeds, instruments or writings or in any other manner touching or affecting the premises hereby conveyed.

THE GRANTORS HEREIN STATE THAT THE HEREINABOVE DESCRIBED PROPERTY IS NOT PRESENTLY BEING USED FOR THE DISPOSAL OF HAZARDOUS WASTE NOR TO THE BEST OF HIS/HER/THEIR KNOWLEDGE, INFORMATION AND BELIEF HAS IT EVER BEEN USED FOR THE DISPOSAL OF HAZARDOUS WASTE. THIS STATEMENT IS MADE IN COMPLIANCE WITH THE SOLID WASTE MANAGEMENT ACT, NO. 1980-97, SECTION 405.

**Transfer Tax: One-half of this is a conveyance from mother to son and therefore is not subject to transfer tax under the Pennsylvania Realty Transfer Tax Act.**

PROMISES.  And the said Grantor herein will **SPECIALLY WARRANT AND FOREVER DEFEND** the property hereby conveyed.

IN WITNESS WHEREOF, said Grantor has hereunto set his/her hand and seal, the day and year first above-written.

{Seal}

OLIVE L. ROBERTSON by her attorney in fact, Roberta G. Robertson

{Seal}

ROBERTA G. ROBERTSON

| Commonwealth of Pennsylvania | ) |
|---|---|
| | :ss: |
| County of Clearfield | ) |

On this, the _14th_ day of September, 1999, before me, the undersigned officer, personally appeared  OLIVE L. ROBERTSON, by her attorney in fact, ROBERTA G. ROBERTSON, known to me (or satisfactorily proven) to be the persons whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purpose therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

My Commission Expires: _4/22/2000_

Notary Public

Notarial Seal
Laura L. Emerick, Notary Public
DuBois, Clearfield County
My Commission Expires April 22, 2000

Commonwealth of Pennsylvania          )
                                      :ss:
County of Clearfield                  )

On this, the _14th_ day of September, 1999, before me, the undersigned officer, personally appeared ROBERTA G. ROBERTSON, known to me (or satisfactorily proven) to be the persons whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purpose therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

My Commission Expires: _4/23/2000_          _Laura L. Emerick_
                                             Notary Public

> Notarial Seal
> Laura L. Emerick, Notary Public
> DuBois, Clearfield County
> My Commission Expires April 22, 2000

# NOTICE

In accordance with the provisions of "The Bituminous Mine Subsidence and Land Conservation Act of 1966", I/we, the undersigned grantee/grantees, hereby certify that I/we know and understand that I/we may not be obtaining the right of protection against subsidence resulting from coal mining operations and that the purchased property may be protected from damage due to mine subsidence by a private contract with the owners of the economic interest in the coal. I/we further certify that this certification is in a color contrasting with that in the deed proper and is printed in twelve point type preceded by the word "notice" printed in twenty-four point type.

**Witness:**

_Laura L. Emrick_                                   _Timothy B. Robertson Jr._
                                                                    Timothy B. Robertson, Sr.

                                                                    _Carolyn C. Robertson_
                                                                    Carolyn C. Robertson

This _14th_ day of _Sept._ , 199 _9_ .

THIS DOCUMENT MAY NOT SELL, CONVEY, TRANSFER, INCLUDE OR INSURE THE TITLE OF THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN, AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL OF SUCH COAL AND, IN THAT CONNECTION, DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING OR STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT. (This Notice is set forth pursuant to Act No. 255, approved September 10, 1965, as amended.)

## CERTIFICATE OF RESIDENCE

I/we hereby certify, that the precise residence for the Grantee herein is as follows:

    RD#1, Box 531
    DuBois, PA 15801

Attorney or Agent for Grantee

**WARNING:  It is illegal to duplicate this copy by photostat or photograph.**

H105, 112—125M 8-75
(26 Cert. per book)

(Fee for this
Certificate, $2.00)

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF HEALTH
VITAL STATISTICS

№ 437839

## LOCAL REGISTRAR'S CERTIFICATION OF DEATH

Registered No. ........................

Full Name
of Deceased  *Harry*   *Edwin*   *Robertson*
　　　　　　　First　　　Middle　　　　Last

Usual
Address  *R. D. #1*   *Du Bois*   *Clearfield*   *Penna.*
　　　　Number　　Street　　City or town　　County　　State

Place of
Death  *Du Bois*   *Clearfield*  Pennsylvania
　　　City, Borough or Township　　　County

Date of Death  *April 18, 1976*   Social Security No. *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*   Race  *White*

Marital Status  *Never Married*   Sex  *Male*   Date of Birth  *August 19, 1908*

Occupation  *Teacher*   Birthplace  *Penna.*

If Veteran, which War  *W. W. 2*   Veteran's Serial No. *33-163-478*

| MEDICAL CERTIFICATE | Interval Between Onset and Death |
|---|---|
| Part I.  Death was caused by: | |
| Immediate Cause (a)  *Septic Shock* | |
| Due To (b)  *Gangrene of Amputation Stump, Right Leg* | *3 weeks* |
| Due To (c) | |

Part II.  OTHER SIGNIFICANT CONDITIONS:  contributing to death but not related to the immediate cause given in Part I (a)    *Diabetes*

Accident, Suicide or Homicide .................... How did injury occur .......................

Name and Title of Person
Who Certified Cause of Death   (M.D., D.O., Coroner) ......  *C. A. Murray M. D.*

Address ..................  *Reynoldsville, Penna. 15851*
　　　　　Street　　　　　　　　　　　City

　　This is to certify that the information here given is correctly copied from an original certificate of death duly filed with me as Local Registrar.  The original certificate will be forwarded to State Vital Statistics, Harrisburg, Pennsylvania for permanent filing.

*Lois C. Perry*   *33-305*
Local Registrar of Vital Statistics　　District No.

*915 Grant St., Reynoldsville, Penna.*   *15851*
Street Address　　City, Borough, Township

*April 19*   19 *76*
Date Received by Local Registrar

*April 19*   19 *76*
Date of Issue of This Certification



# Jefferson County, Pennsylvania

## Assessment – Real Estate

© 2018 INFOCON CORPORATION. All Rights Reserved.

Log Off

9/25/2023 - 4:11 PM

| Functions |
|-----------|
| ENTER |
| EXIT |
| TAX HISTORY |
| IMAGES |
| SALES HISTORY |
| BACK |

### Assessment – Real Estate – Inquiry

Control Number: **010   003763**

Map Number: **10-006-1101**

Old Reference:

**FALLS CREEK BOROUGH**

**DUBOIS AREA SCHOOL DISTRIC**

| | |
|---|---|
| Grantor: | MOUNTAIN LAUREL RAILROAD |
| Grantee 1: | PITTSBURG & SHAWMUT RAILROAD |
| Grantee 2: | |
| Address: | 200 MERIDIAN CENTRE |
| | SUITE 300 |
| | ROCHESTER NY 14618 |
| Situs Desc: | |
| Property Desc: | |

| | |
|---|---|
| Instrument Number: | 66    556 |
| Land Use Code: | R    0 |
| Consideration: | |
| Sale Date: | 06/20/1996 |
| Deed Book/Page: | 0066    0556 |
| Taxable/Exempt: | TAXABLE |
| Clean&Green? | |
| Acreage: | .880 |

| ASSESSMENT | Current | Last Billing |
|-----------|---------|--------------|
| Preferred Land: | 0 | 0 |
| Land: | 400 | 400 |
| Improvement: | 0 | 0 |
| Mineral: | 0 | 0 |
| **Total:** | **400** | **400** |

*Recorded*

*Number*

# *Deed*

*Vol.*        *(Adopted)*        *Page*

*From*

## *MOUNTAIN LAUREL RAILROAD COMPANY*

*To*

## *PITTSBURG & SHAWMUT RAILROAD, INC.*

*Fees. $*

*After Recording, Please Return to:*

William D. Smith. Esq.
Harter Secrest & Emery
700 Midtown Tower
Rochester, NY 14604

BOOK 0996

PAGE 0556

# *Deed*

THIS DEED, made this 26th day of April, 1996, by and between,

MOUNTAIN LAUREL RAILROAD COMPANY, a Pennsylvania corporation, having an office at One Glade Park East, RD 8, Box 45, Kittanning, Pennsylvania 16201 ("Grantor"),

A
N
D

PITTSBURG & SHAWMUT RAILROAD, INC., a Delaware corporation, having an office at 201 N. Penn Street, Punxsutaney PA 15767 ("Grantee").

WITNESSETH:    That Grantor, for and in consideration of the sum of ONE DOLLAR ($1.00) and other good and valuable consideration, lawful money of the United States of America, paid to it by Grantee, the receipt and sufficiency of which is hereby acknowledged, hereby sells, conveys, transfers, remises, releases and quitclaims to Grantee, its successors and assigns, all right, title and interest of Grantor of, in and to the following described real property:

ALL THAT CERTAIN property of Grantor, together with the track bed, improvements and fixtures thereon, situate in Cameron, Clarion, Clearfield, Elk and Jefferson Counties, Pennsylvania; more particularly identified and described in Exhibit A attached hereto and generally indicated in Exhibit B hereof, hereinafter referred to as the "Real Property." Attached hereto as Exhibit C is a listing of properties that are included as part of the Real Property described on Exhibit A and which have been assigned county tax map numbers and presently are subject to county and local real estate taxes.

BOOK 066 PAGE 0557

IN ADDITION to the Real Property, Grantor hereby sells, conveys, transfers, remises, releases and quitclaims to Grantee, its successors and assigns, all right, title and interest of Grantor in and to all property contiguous to the Real Property conveyed hereby which has been possessed by Grantor in a manner which is actual, exclusive, visible, notorious, distinct and hostile for a continuous period of time.

UNDER and SUBJECT, however, to (1) whatever rights the public may have to the use of any roads, alleys, bridges or streets crossing the Real Property, (2) any streams, rivers, creeks and water ways passing under, across or through the Real Property, (3) any and all existing tenancies, encumbrances, easements, rights, trackage rights, licenses, permits, privileges, agreements, sidetrack agreements, third party claims, covenants, conditions, restrictions, rights of re-entry, possibilities of reverter, existing laws and ordinances, and orders of regulatory agencies, and (4) any pipes, wires, poles, cables, culverts, drainage courses or systems, or other facilities on or crossing the Real Property together with the rights of any person entitled thereto to maintain, repair, renew, replace, use or remove same.

THIS INSTRUMENT is executed and delivered by Grantor, and is accepted by Grantee, subject to the covenants of Grantor and Grantee set forth below, which shall be deemed part of the consideration of this conveyance and which shall run with the land and be binding upon Grantee, its successors and assigns. Grantee, to the extent it lawfully may do so, hereby knowingly, willingly, and voluntarily waives the benefit of any rule, law, custom, or statute of the Commonwealth of Pennsylvania now or hereafter in force with respect to the covenants set forth below.

(1) Grantee by the acceptance of this Instrument, does hereby accept all existing and prospective responsibility for removal and/or restoration costs for any and all railroad bridges and grade crossings and their appurtenances that may be located on the Real Property conveyed to Grantee; and Grantee further covenants and agrees that it will also assume any obligation and/or responsibility as may have been or may hereafter be imposed on Grantor by the Pennsylvania Public Utility Commission or any other governmental agency having jurisdiction for any and all bridge structures and grade crossings and their appurtenances, including but not limited to the removal, repairing or restoration of same in accordance with the requirements of said Commission or other governmental agency; and Grantee further agrees to indemnify, defend and hold Grantor harmless against all costs, penalties, expenses, obligations, responsibility and requirements associated with said bridge structures and grade crossings and their appurtenances.

-2-

BOOK 0 6 6

PAGE 0 5 5 8

TOGETHER with all and singular the track bed, improvements, tenements, hereditaments, and appurtenances thereunto belonging or in any wise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever of Grantor, both at law and in equity, in and to the same and every part thereof, UNDER, SUBJECT and provided as aforesaid.

BEING a portion of the property conveyed to Grantor by Consolidated Rail Corporation by its Deed dated December 30, 1991, Case No. 70185, recorded in the Office of the Recorder of Deeds for the following Counties: Deed Book Volume 89, page 301, in the Office of the Recorder of Deeds for Cameron County; Deed Book Volume 387, page 1045, in the Office of the Recorder of Deeds for Clarion County; Deed Book Volume 1436, page 563, in the Office of the Recorder of Deeds for Clearfield County; Deed Book Volume 274, page 543, in the Office of the Recorder of Deeds for Elk County; and Deed Book Volume 551, page 850, in the Office of the Recorder of Deeds for Jefferson County, all of such Counties being located in the Commonwealth of Pennsylvania.

TO HAVE AND TO HOLD all and singular the Real Property, together with the improvements and appurtenances thereunto belonging, unto Grantee, its successors and assigns, forever, UNDER, SUBJECT and provided as aforesaid.

NOTICE - THIS DOCUMENT DOES NOT SELL, CONVEY, TRANSFER, INCLUDE OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN, AND THE OWNER OR OWNERS OF SUCH COAL HAVE, THE COMPLETE LEGAL RIGHT TO REMOVE ALL OF SUCH COAL AND, IN THAT CONNECTION, DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING OR OTHER STRUCTURE ON OR IN SUCH LAND, THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT. [This Notice is set forth in the manner provided in Section 1 of the Act of July 17, 1957, P.L. 984, as amended, and is not intended as notice of unrecorded instruments, if any.]

BOOK 0 6 6

PAGE 0 5 5 9

-3-

*This Deed is made under and by virtue of a Resolution of the Board of Directors of Grantor duly passed at a regular meeting thereof, held on the 2nd day of April, A.D. 1996, a full quorum being present, authorizing and directing the same to be done.*

(Corporate Seal)

**In Witness Whereof,** *The Grantor has caused its common and corporate seal to be affixed to these presents by the hand of its Executive Vice President, and the same to be duly attested by its Secretary. Dated the day and year first above written.*

**MOUNTAIN LAUREL RAILROAD COMPANY**

Attest:

_Gee M. Montgomery_
Secretary

By: _Kevin D. Bowser_
Kevin D. Bowser, Executive Vice President

BOOK 0660  PAGE 0560

Jefferson County Recorder of Deeds
Instrument Filing

Received  1514

Instr# 1996-003496   6/20/1996
Book#  1  Page#  1554
Remarks: INSTANT RECORDABLE DEEDS
POLAND       RECEIPT# 961040

| | |
|---|---|
| DEED - WRIT | $7.00 |
| DEED - RIT STATE | .50 |
| BROOKVILLE AREA SD | 331.83 |
| DUBOIS AREA SD | 147.60 |
| BROOKWAY AREA SD | 39.95 |
| BEAVER TOWNSHIP | 3.88 |
| ELDRED TOWNSHIP | 18.50 |
| ROSE TOWNSHIP | 59.43 |
| BROOKVILLE BOROUGH | .00 |
| PINECREEK TOWNSHIP | 6.47 |
| KNOX TOWNSHIP | 20.96 |
| WINSLOW TOWNSHIP | 12.13 |
| REYNOLDSVILLE BORO | 15.67 |
| WASHINGTON TWP | 4.27 |
| Check# 3946 | 3.87 |
| Total Received........ | $721.16 |
| | $721.16 |

**NOTICE** THE UNDERSIGNED, AS EVIDENCED BY THE SIGNATURE(S) TO THIS NOTICE AND THE ACCEPTANCE AND RECORDING OF THIS DEED, (IS, ARE) FULLY COGNIZANT OF THE FACT THAT THE UNDERSIGNED MAY NOT BE OBTAINING THE RIGHT OF PROTECTION AGAINST SUBSIDENCE, AS TO THE PROPERTY HEREIN CONVEYED, RESULTING FROM COAL MINING OPERATIONS AND THAT THE PURCHASED PROPERTY, HEREIN CONVEYED, MAY BE PROTECTED FROM DAMAGE DUE TO MINE SUBSIDENCE BY A PRIVATE CONTRACT WITH THE OWNERS OF THE ECONOMIC INTEREST IN THE COAL. THIS NOTICE IS INSERTED HEREIN TO COMPLY WITH THE BITUMINOUS MINE SUBSIDENCE AND LAND CONSERVATION ACT OF 1966, AS AMENDED 1980, OCT. 10, P.L. 874, NO. 156 §1.

Attest:                                           Pittsburg & Shawmut Railroad, Inc., Grantee


_Timothy R Hart_

By: _Donald T. Dulac_                 [Name and Title]
      ATTORNEY-IN-FACT


## CERTIFICATE OF RESIDENCE

I hereby certify that the precise residence of Grantee is 201 N. Penn Street, Punxsutaney, PA 15767.

_Donald T. Dulac_  Agent
                              For Grantee


**THIS DEED PREPARED BY:**

Donald T. Dulac, Jr., Esq.
McClure and Watkins, P.C.
Suite 400
322 Boulevard of the Allies
Pittsburgh, PA  15222
412-288-0440

BOOK 0 6 6

PAGE 0 5 6 1

-5-

## MOUNTAIN LAUREL RAILROAD COMPANY

### REAL PROPERTY

Clarion County, Pennsylvania
Mountain Laurel Railroad Company

All that certain property of the Mountain Laurel Railroad Company (Grantor), being a portion of the line of railroad known as Mountain Laurel Railroad Main Line, being further described as follows:

Beginning at Railroad Station 5488+48, at Railroad Mile Post 6.0, for the Main Line, also being Grantor's west boundary line at Lawsonham in the Township of Madison as indicated on Page 1 of 10 of Exhibit "B" attached hereto; thence extending in a general easterly/northeasterly direction passing through the Township of Porter, the Town of New Bethlehem and the Township of Red Bank to Railroad Station 4333+24, at Railroad Mile Post 27.8, being the County Line, the County of Clarion on the west and the County of Jefferson on the east, as indicated on Page 2 of 10 of Exhibit "B" attached hereto.

All as generally shown on Grantor's Valuation Maps V24.0/104 through V24.0/83, inclusive, incorporated herein by reference, copies of which are available in the office of Grantee.

Together with a spur branching off of the Mountain Laurel Railroad Main Line at Railroad Station 4780+67, at Railroad Mile Post 19.46, and extending in a southerly direction a distance of 790 feet, as shown on Grantor's Valuation Map V24.0/91, a copy of which is available in the offices of the Grantee.

BOOK 066  PAGE 0562

EXHIBIT A
Page 1 of 8

# MOUNTAIN LAUREL RAILROAD COMPANY

## REAL PROPERTY

Jefferson County, Pennsylvania
Mountain Laurel Railroad Company

All that certain property of the Mountain Laurel Railroad Company (Grantor), being a portion of the line of railroad known as the Mountain Laurel Railroad Main Line, being further described as follows:

Extending from the County Line, the County of Clarion on the west and the County of Jefferson on the east, at Railroad Station 4333+24, at Railroad Mile Post 27.8, for the Main Line, as indicated on Page 2 of 10 of Exhibit "B" attached hereto, in a general easterly direction passing through the Townships of Beaver, Clover and Rose, the Borough of Brookville, the Townships of Pine Creek, Knox, Winslow, the Town of Reynoldsville, re-entering the Township of Winslow and the Township of Washington to Railroad Station 2517+31, at Railroad Mile Post 62.2, being the County Line, the County of Jefferson on the west and the County of Clearfield on the east, as indicated on Page 3 of 10 of Exhibit "B" attached hereto.

All as generally shown on Grantor's Valuation Maps V24.0/83 through V24.0/48, inclusive, incorporated herein by reference, copies of which are available at the offices of the Grantee.

BOOK 066 PAGE 0563

EXHIBIT A
Page 2 of 8

## MOUNTAIN LAUREL RAILROAD COMPANY

### REAL PROPERTY

Clearfield County, Pennsylvania
Mountain Laurel Railroad Company

All that certain property of the Mountain Laurel Railroad Company (Grantor), being a portion of the line of railroad known as the Mountain Laurel Railroad Main Line, being further described as follows:

Extending from the County Line, the County of Jefferson on the west and the County of Clearfield on the east, at Railroad Station 2517+31, at Railroad Mile Post 62.2, for the Main Line, as indicated on Page 3 of 10 of Exhibit "A" attached hereto, in a general northeasterly direction passing through the Township of Sandy, the Borough of DuBois, re-entering the Township of Sandy and the Township of Huston to Railroad Station 1454+68, at Railroad Mile Post 82.4, being the County Line, the County of Clearfield on the south and the County of Elk on the north, as indicated on Page 4 of 10 of Exhibit "A" attached hereto.

All as generally shown on Grantor's Valuation Maps V24.0/48 through V24.0/28, inclusive, incorporated herein by reference copies of which are available at the offices of the Grantee.

Together with the Penfield Branch beginning on the Mountain Laurel Railroad Main Line at Railroad Station 1692+65 (also designated as Penfield Branch Railroad Station 0+00), at Railroad Mile Post 77.94, in the Township of Huston. The Penfield Branch extends in an easterly direction to Penfield Branch Railroad Station 28+17.756, at Penfield Branch Mile Post 0.53. The Penfield Branch then divides into two portions, the North Portion of the Penfield Branch, as shown on Grantor's Valuation Map V-24.04/1, extending from Penfield Branch Railroad Station 28+17.756, at Penfield Branch Mile Post 0.53, to Penfield Branch (North Portion) Railroad Station 55+46.454, at Penfield Branch (North Portion) Mile Post 1.05. The North Portion of the Penfield Branch was conveyed to Grantor by Deed dated August 8, 1994, from Osceola Fire Brick Company recorded in Deed Book Volume 1628, page 427 in the Office of the Recorder of Deeds for Clearfield County, Pennsylvania. The southern portion of the Penfield Branch, as shown on Grantor's Valuation Map V-24.04/1, extends from Penfield Branch Railroad Station 28+17.756, at Penfield Branch Mile Post 0.53, to Penfield Branch (South Portion) Railroad Station 60+00, at Penfield Branch (South Portion) Mile Post 1.14. The South Portion of the Penfield Branch was conveyed or granted by Deed dated May 25, 1908, from Penfield Coal Company to Allegheny Valley Railway Company, recorded in Deed Book Volume 170, page 250 in the Office of the Recorder of Deeds for Clearfield

EXHIBIT A
Page 3 of 8

BOOK 0690 PAGE 0564

County; by Easement dated October 29, 1960, from Lady Jane Collieries Ltd. to the Pennsylvania Railroad Company and by Easement dated May 11, 1962, from New Shawmut Mining Company to the Pennsylvania Railroad Company. The Penfield Branch being located in the Township of Huston, Clearfield County, as indicated on Page 5 of 10 of Exhibit "B" attached hereto.

All as generally shown on Grantor's Valuation Map V-24.04/1 incorporated herein by reference, copies which are available in the office of Grantee.

BOOK 0660
PAGE 0565

EXHIBIT A
Page 4 of 8

## MOUNTAIN LAUREL RAILROAD COMPANY

### REAL PROPERTY

Elk County, Pennsylvania
Mountain Laurel Railroad Company

All that certain property of the Mountain Laurel Railroad Company (Grantor), being a portion of the line of railroad known as the Mountain Laurel Railroad Main Line, being further described as follows:

Extending from the County Line, the County of Clearfield on the south and the County of Elk on the north, at Railroad Station 1454+68, at Railroad Mile Post 82.4, for the Main Line, as indicated on Page 4 of 10 of Exhibit "B" attached hereto, in a general northeasterly direction passing through the Townships of Jay and Bennezette to Railroad Station 453+05, at Railroad Mile Post 101.3, being the County Line, the County of Elk on the west and the County of Cameron on the east, as indicated on Page 6 of 10 of Exhibit "B" attached hereto.

All as generally shown on Grantor's Valuation Maps V24.0/28 through V24.0/9, inclusive, incorporated herein by reference, copies of which are available at the offices of the Grantee.

EXHIBIT A
Page 5 of 8

BOOK 0966  PAGE 0596

## MOUNTAIN LAUREL RAILROAD COMPANY

### REAL PROPERTY

Cameron County, Pennsylvania
Mountain Laurel Railroad Company

All that certain property of the Mountain Laurel Railroad Company (Grantor), being a portion of the line of railroad known as the Mountain Laurel Railroad Main Line, being further described as follows:

Extending from the County Line, the County of Elk on the west and the County of Cameron on the east at Railroad Station 453+05, at Railroad Mile Post 101.3, for the Main Line, as indicated on Page 6 of 10 of Exhibit "B" attached hereto, in a general northeasterly direction to Railroad Station 0+74 at Railroad Mile Post 110.0, at Driftwood, in the Township of Gibson, the END of the Main Line, as indicated on Page 7 of 10 of Exhibit "B" attached hereto.

All as generally shown on Grantor's Valuation Maps V24.0/9 through V24.0/1, inclusive, incorporated herein by reference, copies of which are available at the offices of the Grantee.

BOOK 066   PAGE 0567

EXHIBIT A
Page 6 of 8

## MOUNTAIN LAUREL RAILROAD COMPANY

### REAL PROPERTY

Clarion County, Pennsylvania
Mountain Laurel Railroad Company – Clarion Running Track

All that certain property of the Mountain Laurel Railroad Company (Grantor), being a portion of the line of railroad known as the Mountain Laurel Railroad – Clarion Running Track, being further described as follows:

Beginning at Railroad Station 1973+60, at Railroad Mile Post 23.7 for the Clarion Running Track (also formerly designated as Railroad Mile Post 104.3 in the Deed dated December 30, 1991, Case No. 7018T, from the Consolidated Rail Corporation to Mountain Laurel Railroad Company [the "Conrail Deed"] recorded in Deed Book Volume 387, page 1045 in the Office of the Recorder of Deeds for Clarion County), in the Township of Piney, as indicated on Page 8 of 10 of Exhibit "B" attached hereto; thence in a general southeasterly direction passing through the Townships of Piney, Monroe and Limestone to Clarion Running Track Railroad Station 2804+40, at Clarion Running Track Railroad Mile Post 8.0 (also formerly designated as Railroad Mile Post 120.0 in the aforesaid Conrail Deed), being the County Line, the County of Clarion on the west and the County of Jefferson on the east, as indicated on Page 9 of 10 of Exhibit "B" attached hereto.

All as generally shown on Grantor's Valuation Maps V-228A/18 through V-228A/26, inclusive, incorporated herein by reference, copies of which are available at the offices of the Grantee.

EXHIBIT A
Page 7 of 8

BOOK 0 6 6

PAGE 0 5 6 8

## MOUNTAIN LAUREL RAILROAD COMPANY

### REAL PROPERTY

Jefferson County, Pennsylvania
Mountain Laurel Railroad Company - Clarion Running Track

All that certain property of the Mountain Laurel Railroad Company (Grantor), being a portion of the line of railroad known as the Mountain Laurel Railroad - Clarion Running Track, being further described as follows:

Extending from the County Line, the County of Clarion on the west and the County of Jefferson on the east at Clarion Running Track Railroad Station 2804+40, at Clarion Running Track Railroad Mile Post 8.0 (also formerly described as Railroad Mile Post 120.0 in the Deed dated December 30, 1991, Case No. 7018T, from the Consolidated Rail Corporation to Mountain Laurel Railroad Company [the "Conrail Deed"] recorded in Deed Book Volume 551, page 850 in the Office of the Recorder of Deeds for Jefferson County) as indicated on Page 9 of 10 of Exhibit "B" attached hereto; in a general easterly direction passing through the Townships of Clover and Rose to Clarion Running Track Railroad Station 3223+86, at Clarion Running Track Railroad Mile Post 0.00 (also formerly described as Railroad Mile Post 128.0 in the Conrail Deed) in the Township of Rose, the END of the Mountain Laurel Railroad - Clarion Running Track, as indicated on Page 10 of 10 of Exhibit "B" attached hereto.

All as generally shown on Grantor's Valuation Maps V-228A/26 through V-228A/30, inclusive, incorporated herein by reference, copies of which are available at the offices of the Grantee.

BOOK 0 6 6 0

PAGE 0 5 6 9

EXHIBIT A
Page 8 of 8

EXHIBIT B
SHEET 1 OF 16

BOOK 066   PAGE 0570



JEFFERSON COUNTY - CLEARFIELD COUNTY LINE
MAIN LINE 22 STA. 2517 + 31
MAIN LINE M.P. 62.2

M.P. 62.2

BOOK    PAGE
0 6 6    0 5 7 2

EXHIBIT B
SHEET 5 OF 10

PENNSYLVANIA RAILROAD

CLEARFIELD COUNTY-ELK COUNTY LINE
MAIN LINE R.R. STA. 1451+68
MAIN LINE R.R. 81.4

BOOK
066

PAGE
0573

EXHIBIT B
SHEET 4 OF 6



EXHIBIT B
SHEET 5 of 10

BOOK 066
PAGE 0574



BOOK 066   PAGE 0576

EXHIBIT 3
SHEET 7 OF 10

BOOK
066

PAGE
0577





## Mountain Laurel Railroad
### Real Estate Holdings

| Location | Description | Control Number | Tax Map Number | Tax Collector | Valuation Map Reference Map # | Milepost |
|---|---|---|---|---|---|---|
| **Cameron County** | | | | | | |
| Gibson Twp. | | File # | | | | |
| Dents Run | 50 Acres | 119 | 3-26-0-078 | Elizabeth C. Woomer | V24.0 / 9 - 2 | 101.50 |
| **Elk County** | | | | | | |
| Benezette Twp. | | | | | | |
| Grant Station | 412.5 x 214.5 | 01-000736 | 01-22-011-2784 | Leona E. Oyler | V24.0 / 12 - 8 | 98.48 |
| **Clearfield County** | | | | | | |
| Huston Twp. | 8.00 Acres | 119.0-24706 | 119.0-E04-000-00015 | Dolly Pirraglia | V24.0 / 39 - 1 | 71.00 |
| **Jefferson County** | | | | | | |
| Washington Twp. | | | | | | |
| Falls Creek | 0.880 Acres | None | 10-006-1101 | Mary Etta Gaylord | V24.0 / 48 - 3 | 62.22 |
| Winslow Twp. | | | | | | |
| Reynoldsville | 1.2 Acres | None | 29-003-0401 | William R. Stover | V24.0 / 53 - 5 | 55.60 |
| Reynoldsville | 141x150 | None | 29-001-0508 | " | V24.0 / 54 | 56.00 |
| Reynoldsville | 150x240 | None | 29-003-0305 | " | V24.0 / 54 | 56.00 |
| Reynoldsville | 0.5 Acres | None | 29-003-0406 | " | V24.0 / 54 | 56.00 |
| Reynoldsville | Station | None | 29-003-0001 | " | V24.0 / 54 | 56.00 |
| Knox Twp. | | | | | | |
| Pine Creek | 0.700 Acres | None | 18-365-0167 | Twila Giford | V24.0 / 61 - 3 | 49.38 |
| Rose Twp. | | | | | | |
| Brookville | 1.000 Acres | None | 06-317-0129 | Vickie L. Storey | V24.0 / 70 - 1 | 40.95 |
| Clover Twp. | | | | | | |
| Summerville | 53x242 | None | 34-003-0514 | Louise Wonderling | V24.0 / 76 - 11 | 34.04 |
| Summerville | 75x197 | None | 34-003-0500 | " | V24.0 / 76 - 10 | 34.04 |
| **Clarion County** | | | | | | |
| Red Bank Twp. | 0.250 Acres | 25-004830 | 25-01.0-144-000 | G. William Truitt | V24.0 / 85 | 21.72 |
| Porter Twp. | 0.330 Acres | 24-004880 | 24-02.0-095-000 | Branda Young | V24.0 / 94 | 17.00 |
| | 0.250 Acres | 24-004890 | 24-01.0-027-000 | " | V24.0 / 95 | 16.00 |
| Madison Twp. | 0.880 Acres | 17-003450 | 17-01.1-047-000 | Gladys G. Mortimer | V24.0 / 104 | 6.00 |
| Limestone Twp. | | | | | | |
| CRT | 4.500 Acres | 16-004930 | 16-03.0-153-000 | Daphne Himes | V.226A / 26 | 10.00 |
| CRT | 9.000 Acres | 16-004940 | 16-01.0-211-000 | " | V.226A / 26 | 10.00 |
| Piney Twp. | | | | | | |
| CRT | 6.71 Acres | 23-003110 | 23-03.0-046-000 | Sandra M. Shock | V.226A / 18 | 24.89 |

EXHIBIT C
PAGE 1 OF 1

## ACKNOWLEDGMENT

COMMONWEALTH OF PENNSYLVANIA  )
                                        ) SS:
COUNTY OF ALLEGHENY  )

        On this 26th day of April, 1996, before me, the undersigned officer, personally appeared Kevin D. Bowser, who acknowledged himself to be Executive Vice President of Mountain Laurel Railroad Company, a corporation existing under the laws of the Commonwealth of Pennsylvania, and that he as Executive Vice President, executed the foregoing Deed and acknowledged that he executed the same for the purposes therein contained.

        IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_Jean N. Martin_
                          Notary Public

Affidavits filed 6-20-96 My Commission Expires:
Instrument No. 3-496
Recorded June 20, 19 96
Time 9:31 A.M.
_Diane Marble Reid_
RECORDER OF DEEDS

Notarial Seal
Joan H. Martin, Notary Public
Pittsburgh, Allegheny County
My Commission Expires July 17, 1999
Member, Pennsylvania Association of Notaries

BOOK 066 PAGE 0581

DBV 58/15

| Deed | Maggie M Whitehill and David C Whitehill her husband To The Reynoldsville and Falls Creek Railroad Company | This Indenture made the fourteenth day of December A.D. One thousand eight hundred and eighty nine between Maggie M Whitehill and David C Whitehill her husband of the Borough of Brookville in the County of Jefferson and State of Pennsylvania of the first part and The Reynoldsville and Falls Creek Railroad Company a corporation organized and existing under the laws of the Commonwealth of Pennsylvania of the second part Witnesseth that the said parties of the first part in Consideration of the public and private advantages to accrue to them from construction and operation of the Reynoldsville and Falls Creek Railroad with branches and for the further Consideration of the sum of seventy five dollars lawful money of the United States unto them well and truly paid by the said The Reynoldsville and Falls Creek Railroad Company at and before the sealing and delivery of hereof the receipt whereof is hereby acknowledged have granted released and conveyed and by these presents do grant release convey and confirm unto the said party of the second part its successors and assigns the right of way over and across so much of their land as may be necessary for the construction and maintenance of said railroad and its branches and switches from its main road and the free uninterrupted and exclusive use liberty and privilege of said land hereinafter described as to the said right of way and the free or aforesaid for the said Railroad now located or that may be hereafter located on said land and said right of way and the uses aforesaid to be held used and enjoyed by said party of the second part its successors and assigns in the lands hereinafter described so long as said Railroad Company the party of the second part its successors and assigns shall maintain and operate said Railroad or its branches and the following is a description of the land and premises through over and across which said right of way passes and over which the said party of the second part its successors and assigns may maintain the said Railroad and its branches for the use and aforesaid and hereby granted to wit Said land is situate in the Township of Washington in the County of Jefferson and State of Pennsylvania and is bounded and described as follows viz. Beginning at a post in the sister line being the line between a large tract of land of which this is a part of the said Maggie M Whitehill party thereto and a tract of Warren and Number Thirteen thence along said District line South three degrees forty nine minutes West one hundred and sixty and ten feet to a post in the North boundary line of way of Main Railroad of the second part thence along the said North boundary line of said main Railroad South thirty eight degrees and fifty four minutes West two hundred and eighteen and one tenth feet to a post thence by other lands of said Maggie M Whitehill North twenty six degrees twenty three minutes East three hundred and seventy and seven feet to the place of beginning containing eleven thousand five hundred and eighty five and 4/10 sq ft. Strict meaning to have and to hold all and singular the said right and privileges aforesaid in the land herein above described and the said premises with the appurtenances for the uses and purposes aforesaid to it the said party of the second part its successors and assigns to the only proper use of it the said party of the second part its successors and assigns as aforesaid and the said Maggie M Whitehill and David C Whitehill her husband their heirs Executors and Administrators do by these presents Covenant and agree to and with the said The Reynoldsville |

said Tillie Creek Railroad Company its successors and assigns that they the
said Maggie M Whitehill and David C Whitehill her husband their heirs
all and singular the hereditaments and premises herein before described and
granted or mentioned and instructed so to be with the appurtenances unto the
said parties of the second part the Reynoldsville and Falls Creek Railroad
Company its successors and assigns for the right of way uses and purposes in
by granted released conveyed and confirmed and described premises
against the said Maggie M Whitehill and David C Whitehill her husband and
their heirs and against all and every other person or persons whomsoever
lawfully claiming or to claim the same or any part thereof shall and will
by these presents warrant and forever defend in witness whereof the
said parties of the first part have hereunto set their hand and seal the day
and year first above written                    Maggie M Whitehill (seal)
Signed sealed and delivered in                  David C Whitehill (seal)
Presence of us
N. H. Grossins   Recieved on the day of the date of the foregoing Indenture
E. H. Clark from of the said the Reynoldsville and Falls Creek Railroad
Company the sum of Seventy five Dollars in full of the consideration
money mentioned therein                          Maggie M Whitehill
Witness                                          David C Whitehill
N. H. Grossins  State of Pennsylvania SS On the fourteenth day of December
E. H. Clark  County of Jefferson    A.D. one thousand eight hundred and
eighty nine before me the subscriber a Notary public residing at Brookville in
and for said County of Jefferson personally appeared the above named Maggie
M Whitehill and David C Whitehill her husband who each made known of my own
acknowledged the within and foregoing Indenture to be their act and
deed and desired that the same might be recorded as such the the said Maggie
M     M Whitehill the wife of said David C Whitehill being of full age and
by me examined separate and apart from her said husband and the
contents of the foregoing Indenture being first made fully known
to her declared that she did of her own free will and accord seal and sign
so her act and deed deliver the same without any coercion or confusion
of her said husband In testimony whereof I have hereunto set my
hand and affixed my official seal the day and year last above
written                                          N. H. Grossins
      Recorded December 14th 1889                Notary Public
      Scott McClelland Recorder

Agreement | John T Williams | Article of agreement made this seventh day of
          |       To         | December A.D. 1889 between John T Williams of
          | Philip Orth      | Gaskill Township Jefferson County Penna of the
first part and Philip Orth doing business in
the firm name of Orth & Co of the City of Williamsport County of Lycoming
and State aforesaid of the second part Witnesseth that the said part of the
first part for the consideration hereinafter mentioned hereby sells and delivers
unto the said party of the second part his heirs and assigns all the timber of every
kind and character standing lying and being upon a certain tract of land
situated Gaskill township Jefferson county Penna and Banks township Indi-
ana County Penna bounded as described as follows on the East by lands

Deed

Maggie M & D C Whitehill
To
Reynoldsville & Fallscreek Railroad
Company

This Indenture made the twenty fourth day of December in the year of our Lord One thousand Eight hundred and Eighty Eight Between Maggie M Whitehill and Daniel C Whitehill her husband of the Brook in the county of Jefferson personal estate of Pennsylvania of the first part and the corporation by the name Style and title of the Reynoldsville and Fallscreek Railroad company incorporated under and by virtue of the laws of the commonwealth of Pennsylvania of the second part, Witnesseth that the said parties of the first part for and in consideration of the sum of One hundred and Eighty Dollars lawful money of the United States to them in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged have granted bargained sold aliened enfeoffed released and confirmed and by these presents do grant bargain sell alien enfeoff release and confirm unto the said party of the second part its successors and assigns All that certain piece parcel of land situated in the Township of Washington county of Jefferson and State of Pennsylvania bounded and described as follows to wit:

Beginning at a point in the boundary line of tract warrant No 13 known as the Barron and Aurminah which is intersected by the south line of the right of way of the Reynoldsville and Fallscreek Railroad Company thence south thirty eight degrees and thirty minutes east along the south side of the said right of way fifty nine perches more or less to Sandy Lick Creek, thence up said Sandy Lick Creek by the various curves and distances thereof to a point where said Sandy Lick Creek intersects the said west boundary line of said Warrant No 13 thence north two degrees east along said west boundary line of Warrant No 13 seventy two perches to the place of beginning containing Eight acres more or less. Being all the land belonging to the parties of the first part lying within the three bounded by the right of way of the same Railroad Company aforesaid in the North the Sandy Lick Creek on the East and South and Warrant No 13 on the East it being part of the same piece or parcel of land which was conveyed to parties of first part by Robert Osborn & Wife by deed dated June 15 1847 which is recorded in the Recorders Office of Jefferson county in Deed Book 19 page 411. Together with all and singular the buildings privileges hereditaments and appurtenances whatsoever thereunto belonging or in anywise appertaining and the reversions and remainders rents issues and profits thereof and all the Estate right title interest property claim and demand whatsoever of them the said parties of the first part either in law or equity of in and to the same To have and to hold the said messuage tenement and back lot or piece of ground above described hereditaments hereby granted bargained and sold or mentioned or intended so to be with the appurtenances unto the said Reynoldsville and Fallscreek Railroad Company its successors and assigns to and for the only proper use and behoof of the said Reynoldsville & Falls creek Railroad Company its successors and assigns forever And the said Maggie M Whitehill and Daniel C Whitehill her husband for themselves their heirs and assigns do hereby covenant and agree to and with the said Reynoldsville and Fallscreek Railroad Company its successors and assigns that they the said parties of the first part their heirs and assigns all and singular the said hereby granted premises with the appurtenances unto the said Reynoldsville and Fallscreek Railroad Company it successors and assigns against them the said parties of the first part their heirs and against all and every other person or persons whomsoever lawfully claiming or to claim the same or any part thereof shall and will warrant and forever defend In Witness whereof the said parties of the first part have hereunto set their hand and seals dated the day and year first above written

Being Sealed and delivered in the presence of

Maggie M Whitehill [Seal]
Dan'l C Whitehill [Seal]

R M Croosins

Received the day of the date of the foregoing written Indenture of the above named Reynoldsville and Falls Creek Railroad Company the sum of One hundred and Eighty Dollars being the full consideration or purchase money above mentioned in full

Maggie M Whitehill
Dan'l C Whitehill

State of Pennsylvania
County of Jefferson  SS  On the 28 day of December A D 1888 before me the Subscriber a Notary Public residing in and for said county personally came the above named Daniel C Whitehill and Maggie M Whitehill and in due form of law acknowledged the above Indenture to be their act and deed and desired the same might be recorded as such She the said Maggie M being of full age and by me examined separate and apart from

from her said husband and the contents of the foregoing Indenture being first made fully known unto her declared that she did voluntarily and of her own free will and accord sign and seal and acknowledge the same without coercion or compulsion of her said husband. Witness my hand and Notarial Seal the day and year aforesaid   H. R. Brusius

Recorded February 31st 1889     Notary Public

Seath McClelland

Recorder

**Deed**

William M. Gillespie

To

D. J. Reese

This Indenture made the Twenty Sixth day of January in the year of our Lord one thousand eight hundred and eighty nine Between William M. Gillespie of the borough of Blairsville county of Jefferson and State of Pennsylvania of the first part and D. J. Reese of the same borough county and State of the second part Witnesseth that the said party of the first part for and in consideration of the sum of Two hundred and fifty Dollars lawful money of the United States of America well and truly paid by the said party of the second part to the said party of the first part at and before the sealing and delivering of these presents the receipt whereof is hereby acknowledged have granted bargained sold aliened enfeoffed released and conveyed and do by these presents do grant bargain sell alien enfeoff release convey and confirm unto the said party of the second part his heirs and assigns All that certain piece parcel or lot of land situate lying and being in the Borough of Blairsville county of Jefferson and State of Pennsylvania Bounded and described as follows to wit Beginning at a post on west side of North Main Street at the south east corner of Rev. J. R. James lot thence south 34°30' east along said North Main Street fifty feet to a post thence south 55°30' west One hundred and fifty feet to a post in an alley thence North 34°30' west along said alley fifty feet to a post corner of said James lot thence North 55°30' east along said James lot One hundred and fifty feet to the first place of beginning Containing one Dwelling lot 50 by 150 feet being lot No 2 from Public School Ground being part of the same tract of land Conveyed to the party of the first part by deed from J. M. Gillespie and recorded in the Office for Recording of deeds in and for Jefferson county as in the other good and lawful conveyances referable thereto had will more fully and at large appear said deed dated the 4th day of Feby A D 1865 recorded in Deed Book 43 page 106 & Together with all and singular the buildings improvements ways rights liberties privileges hereditaments and appurtenances to the same belonging or in anywise appertaining and the reversion and reversions remainder and remainders rents issues and profits thereof And also all the Estate right title interest property claim and demand whatsoever to them in law and in equity of the said party of the first part of in and to the said premises with the appurtenances To have and to hold the said premises with all and singular the appurtenances unto the said party of the second part his heirs and assigns to the only proper use and behoof benefit and behoof of the said party of the second part his heirs and assigns forever. And the said W. M. Gillespie party of the first part his heirs Executors and Administrators doth by these presents covenant grant and agree to and with the said party of the second part his heirs and assigns forever that he the said party of the first part his heirs all and singular the said tenements and premises herein above described and granted or mentioned and intended to be so with the appurtenances unto the said party of the second part his heirs and assigns against him the said party of the first part his heirs and against all and every other person or persons whomsoever lawfully claiming or to claim the same or any part thereof shall and will Warrant and forever defend In Testimony whereof the said party of the first part to these presents has hereunto set his hand and seal dated the day and year first above written
Signed Sealed and delivered in the presence of

J. A. Murray   W. W. Crissman       W. M. Gillespie (Seal)

          W. M. Gillespie for J. M. Gillespie

Received the day of the date of the above named of D. J. Reese the sum of Two hundred and fifty Dollars being the consideration herein mentioned in full. Witness W. W. Crissman    W. M. Gillespie for J. M. Gillespie

State of Pennsylvania ) ss. On the Twenty Eighth day of January Anno Domini 1889 before me Justice of the Peace
County of Jefferson ) personally appeared the above named W. M. Gillespie and acknowledged the foregoing deed to be his act and deed and desired the same may be recorded as deed Witness my hand and seal and Official Seal the day and year aforesaid
       W. W. Crissman J. P.